DISABILITY RIGHTS ADVOCATES
Thomas Zito (CA BAR NO. 304629)
Sean Betouliere (CA BAR NO. 308645)
Jessica Agatstein (CA BAR NO. 319817)
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511
Email: tzito@dralegal.org

Michael Rawson (CA BAR NO. 95868)
Craig Castellanet (CA BAR NO. 176054)
Melissa A. Morris (CA BAR NO. 233393)
Public Interest Law Project
449 15th St., Suite 301
Oakland, CA 94612-06001
Tel: (510) 891-9794
Fax: (510) 891-9727
Email: mrawson@pilpca.org

Attorneys for Plaintiffs

BARBARA J. PARKER, City Attorney – SBN 069722
MARIA BEE, Chief Assistant City Attorney – SBN 167716
DAVID A. PEREDA, Special Counsel – SBN 237982
KEVIN P. MCLAUGHLIN, Deputy City Attorney – SBN 251477
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-2961 Fax: (510) 238-6500
Email: kmclaughlin@oaklandcityattorney.org

Attorneys for Defendant City of Oakland

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IAN SMITH, SUNDAY PARKER, and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>Defendant | Case No. 4:19-cv-05398-JST<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT**<br><br>Date: December 18, 2019<br>Time: 2:00 P.M.<br>Place: Courtroom 6, 2nd Fl.<br>Judge: Hon. Jon S. Tigar |

*Smith et al. v. City of Oakland*, Case No. 4:19-cv-05398-JST
Joint Case Management Conference Statement and Rule 26(f) Report

# CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

Pursuant to Civil L.R 16-9 and Fed. R. Civ. P. 26(f), Thomas Zito of Disability Rights Advocates and Michael Rawson of Public Interest Law Project met by phone with Kevin McLaughlin, Deputy City Attorney for the City of Oakland on November 8, 2019. The parties, by and though their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report.

## I.   JURISDICTION AND SERVICE:

The City of Oakland has been served with the Complaint and all initial documents as required by the Federal Rules of Civil Procedures, the Local Rules of the Northern District of California, and the Standing Orders of this Court. The Parties agree that this Court has federal question jurisdiction over Plaintiffs' claims under the Americans with Disabilities Act pursuant to 28. U.S.C. section 1331, and supplemental jurisdiction over plaintiffs' state law claims; however, the City disputes Plaintiffs' standing under Article III of the U.S. Constitution.

## II.   FACTS:

### A.   Plaintiff's Statement of Facts

Oakland's Rent Adjustment Program is the City's primary way of protecting existing tenants from unreasonable rent increases, and ensuring that they can stay in their homes and communities—a goal the Program accomplishes by setting and enforcing a limit on allowable annual rent increases (currently 3.5%) in the units that it applies to. A majority of Oakland tenants currently benefit from the Program's protections, and all nondisabled tenants have a real opportunity to do so, because 6 out of every 10 units they can live in are covered.

Plaintiffs and other people who need accessible housing do not have an equivalent opportunity, because the Program exempts every unit built after January 1, 1983 from its coverage, and all or nearly all of the City's accessible units were built after that date. As a consequence, many people with disabilities—including Plaintiffs Ian Smith and Sunday Parker—are excluded from the Program and its protections entirely, because they cannot live in

any of the units that it covers.

Others, including Plaintiff Mitch Jeserich, can only access the Program's protections if they are willing to endure the daily indignities, inconveniences, and potential dangers that living in an inaccessible unit entails. This is a harm that no nondisabled tenant is asked to endure as a condition of Program coverage.

On June 6, 2019, Plaintiffs sent a letter requesting that the City of Oakland modify its Rent Adjustment Program to encompass accessible units, so that people with disabilities who need such units have the same opportunity to access the Program's benefits that the City's nondisabled tenants enjoy. However, the City has refused to make the necessary changes, and Plaintiffs filed this lawsuit.

Plaintiffs seek what the City's nondisabled renters already have: a meaningful opportunity to access the benefit the Rent Adjustment Program *currently* provides—protection from unreasonable rent increases—without having to endure the hardship of life in an inaccessible unit as a condition of coverage.

**B.     Defendant's Statement of Facts**

The City's Rent Adjustment Program provides that owners of covered dwelling units may increase rents for continuously occupied units in a specific amount, once each 12 months. The increase is a "CPI Rent Adjustment" that is based on the percentage increase in the Consumer Price Index, minus shelter, for the 12-month period between March 1 and the last day of February of the following calendar year.

Various dwelling units are exempt from the Program, including those controlled, regulated, or subsidized by any government entity; accommodations in certain motels, hotels, and other temporary accommodations; and dwelling units in a nonprofit cooperative owned by a majority of the residents. Also exempt are dwelling units which were newly constructed and received a certificate of occupancy on or after January 1, 1983.

The Rent Adjustment Program makes no reference to accessibility standards, does not

provide any housing (whether owned by the City or anyone else), and does not create any specific rights for disabled tenants.

Plaintiffs claim that the units covered by the Program are not accessible, and that they are harmed by the lack of stable, affordable, accessible rental housing in the City.  Plaintiffs seek to have this Court require the City to apply the Program's control on increases in rent in continuously occupied dwellings to newer units, which would violate the State of California's Costa-Hawkins Rental Housing Act.  The City contends that Plaintiffs have equal access to the benefits of the Program as it is currently defined; that the harm alleged is not caused by the Program but by other forces; and that the relief sought would be the creation of a new benefit, which the ADA does not require.  The City also contends that the relief sought is not necessary to avoid discrimination, that is not a reasonable accommodation, and that it would fundamentally alter the Program.

### III.     LEGAL ISSUES:

a. Whether Defendant violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, et seq, ("ADA") by engaging in any of the following discriminatory practices:

   i. Operating the Program in a way that excludes Plaintiffs and the class of similarly situated individuals from participating in the Program or otherwise denies them the benefit of the Program by reason of their disabilities.

   ii. Refusing to make reasonable modifications to the Program to provide a meaningful and equal opportunity to Plaintiffs and other similarly situated individuals with mobility disabilities, to be able to access the Program.

b. Whether Defendant violated the California Disabled Persons Act, California Civil Code 54.1, by violating the Americans with Disabilities Act.

     c.  Whether the Costa-Hawkins Rental Housing Act, as it applies to the Program's exclusion of buildings constructed after January 1, 1983, is pre-empted by the ADA.

     d.  Whether Defendant can meet its burden as to any asserted affirmative defenses, such as whether the Program modifications requested by Plaintiffs would amount to a fundamental alteration of the program.

     e.  Whether class action treatment is appropriate under Fed. R. Civ. P. 23.

     f.  Whether Plaintiffs are entitled to injunctive and declaratory relief.

     g.  Whether Plaintiffs have standing as to their asserted claims and as to the relief sought.

**IV.  MOTIONS:**

Defendant filed a motion to dismiss, which is currently pending. Plaintiffs intend to file a motion for class certification as described below. The Parties each anticipate filing cross-motions for summary judgment.

**V.  AMENDMENT OF PLEADINGS:**

The Parties propose a deadline of thirty days after the Court's ruling on Defendant's motion to dismiss to amend the pleadings.

**VI.  EVIDENCE PRESERVATION:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ["ESI"] and have met and conferred regarding reasonable steps to preserve evidence relevant to the issues regarding evidence in this action and have agreed to preserve all such evidence

**VII.  DISCLOSURES:**

The Parties have exchanged initial disclosures.

**VIII.  DISCOVERY:**

The parties have discussed the items set forth in Rule 26(f)(3) and developed a plan for discovery, as follows:

### A. Scope and Limits

*Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.*

The Parties anticipate needing discovery on facts relevant to Plaintiffs' claims of alleged discrimination and any affirmative defenses alleged by the City. The Parties agree that there is no need to conduct discovery in phases.

*Rule 26(f)(3): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

The Parties agree that there is no need to change the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for the purposes of discovery in this case.

*Rule 26(f)(4): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).*

None at this time.

### IX. CLASS ACTIONS:

Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and intend to move for class certification within three months after the settlement conference tentatively scheduled for March 6, 2020.

### X. RELATED CASES:

There are no related cases.

### XI. RELIEF:

Plaintiffs seek injunctive and declaratory relief only. Plaintiffs also seek to recover their attorneys' fees and litigation costs pursuant to the ADA and the California Disabled Persons Act.

### XII. SETTLEMENT AND ADR:

The parties are currently assigned to Magistrate Judge Ryu for settlement negotiations. The parties have agreed to engage in a settlement conference after the Court rules on the City's

pending motion to dismiss. A settlement conference is tentatively scheduled for March 6, 2020.

## XIII. CONSENT TO MAGISTRATE JUDGE:

The Parties do not consent to a Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES:

None at this time.

## XV. NARROWING OF ISSUES:

None at this time

## XVI. EXPEDITED TRIAL PROCEDURE:

This case is not appropriate for expedited trial procedures of General Order 64.

## XVII. SCHEDULING:

Parties propose the following schedule:

| | |
|---|---|
| **Motion for Class Certification filed no later than**: | June 19, 2020 |
| **Completion of fact discovery**: | September 30, 2020 |
| **Expert Discovery**: | |
|     Disclosure of Experts: | September 30, 2020 |
|     Rebuttal Reports/Rebuttal Expert Disclosure | November 6, 2020 |
|     Expert Depositions complete/Expert Discovery Closed: | December 18, 2020 |
| **Dispositive motion filing deadline**: | January 29, 2021 |
| **Dispositive motion hearing deadline:** | As set by the court on or after January 29, 2021 |
| **Pretrial conference**: | As set by the Court on or after January 29, 2021 |
| **Start of Trial**: | As set by the Court on or after January 29, 2021 |

## XVIII. TRIAL:

The trial will be a bench trial. The Parties anticipate that the trial will last no more than seven days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

The Parties have not yet filed certification of interested entities. Plaintiffs will do so prior to the Case Management Conference. As a governmental entity, Defendant City of Oakland is not required to make a certification pursuant to Local Rule 3-15. As far as the Parties are aware,

there are no non-interested entities or persons.

XX.   **PROFESSIONAL CONDUCT:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California

XXI.   **OTHER MATTERS:**

The parties have agreed that all documents, including pleadings and discovery, may be served via email as the equivalent of hand delivery. The parties have agreed to number all deposition exhibits consecutively and continuously across multiple depositions.

Plaintiffs will make the notification required by Fed. R. Civ. P. 5.1(a) before the Case Management Conference Scheduled for December 18, 2019.

Respectfully Submitted,

Dated: December 10, 2019                     DISABILITY RIGHTS ADVOCATES


By:  /s/ Thomas Zito
       Thomas Zito

PUBLIC INTEREST LAW PROJECT


By:  /s/ Michael Rawson
       Michael Rawson


Counsel for Plaintiffs

| | |
|---|---|
| Dated: December 10, 2019 | CITY OF OAKLAND |
| | By: /s/ Kevin P. McLaughlin |
| | Kevin P. McLaughlin, Deputy City Attorney |
| | Counsel for Defendant City of Oakland |

FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Thomas Zito, attest that concurrence in the filing of this document has been obtained from all signatories.

**[PROPOSED] ORDER**

**PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.**

| | |
|---|---|
| Dated: | By: _____ |
| | The Honorable Jon S. Tigar |
| | United States District Court |
| | Northern District of California |