BARBARA J. PARKER, City Attorney – SBN 069722
MARIA BEE, Chief Assistant City Attorney – SBN 167716
DAVID A. PEREDA, Special Counsel – SBN 237982
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney – SBN 251477
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-2961 Fax:  (510) 238-6500
Email: kmclaughlin@oaklandcityattorney.org
X05020/2921680

Attorneys for Defendant
CITY OF OAKLAND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT COURT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IAN SMITH, SUNDAY PARKER, and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>Defendants. | Case No. 4:19-cv-05398 JST<br><br>**DEFENDANT CITY OF OAKLAND'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br><br>Complaint filed: August 28, 2019<br>Trial Date: None |

Defendant City of Oakland ("City" or "Defendant") answers the Complaint of Plaintiffs Ian Smith and Mitch Jeserich ("Plaintiffs") as follows.

## I. INTRODUCTION

1. Answering paragraph 1, the City lacks sufficient information or knowledge to answer the allegations stated in the first sentence, and on that basis denies each and every allegation stated therein. The City denies each and every remaining allegation therein.

2. Answering paragraph 2, the City denies the allegations therein.

3. Answering paragraph 3, the City admits that the current limit on annual rent increases under the Rent Adjustment Program is 3.5%. The City lacks sufficient information or knowledge to further answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

4. Answering paragraph 4, the City admits that under the Rent Adjustment Program, the rent for a new tenant may be set at market rate. The City lacks sufficient information or knowledge to further answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

5. Answering paragraph 5, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

6. Answering paragraph 6, the City denies the allegations therein.

7. Answering paragraph 7, the allegations therein are legal contentions and conclusions of law that do not require a response. To the extent the foregoing does not answer any allegation of fact in that paragraph, the City denies each and every allegation stated therein.

8. Answering paragraph 8, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

9. Answering paragraph 9, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

10. Answering paragraph 10, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

11. Answering paragraph 11, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

12. Answering paragraph 12, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

13. Answering paragraph 13, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

14. Answering paragraph 14, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

15. Answering paragraph 15, the City denies the allegations therein.

16. Answering paragraph 16, the City denies the allegations therein.

17. Answering paragraph 17, the City admits that counsel for Plaintiffs sent a letter to the City on or about June 6, 2019 requesting that the City modify its Rent adjustment Program. The City denies the remainder of the allegations therein.

18. Answering paragraph 18, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

## II. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

19. Answering paragraph 19, the allegations therein are legal contentions and conclusions of law that do not require a response. To the extent the foregoing does not answer any allegation of fact in that paragraph, the City denies each and every allegation stated therein.

20. Answering paragraph 20, the City admits that this court has subject matter jurisdiction pursuant to 28 U.S.C. section 1331. The remainder of the paragraph is denied.

21. Answering paragraph 21, the City admits that this Court may exercise supplemental jurisdiction over a state law claim when the requirements of 28 U.S.C. section 1367(a) are

1  satisfied.  The City denies that this Court has supplemental jurisdiction as to Plaintiffs' state law
2  claim or claims to the extent that Plaintiffs do not have a viable claim under the ADA.

3       22.     Answering paragraph 22, the City admits that this Court may grant declaratory
4  and/or injunctive relief where the provisions of 28 U.S.C. sections 2201 and 2202, and/or Federal
5  Rule of Civil Procedure 65 are satisfied.

6       23.     Answering paragraph 23, the City admits that venue is proper in this Court
7  pursuant to 28 U.S.C. section 1391.

8       24.     Answering paragraph 24, the City admits that pursuant to Civil Local Rule 3-2(c),
9  this case is properly assigned to the San Francisco or Oakland divisions.

10 **III.    PARTIES**

11      25.     Answering paragraph 25, the City lacks sufficient information or knowledge to
12 answer the allegations stated therein, and on that basis denies each and every allegation stated
13 therein.

14      26.     Answering paragraph 26, the City lacks sufficient information or knowledge to
15 answer the allegations stated therein, and on that basis denies each and every allegation stated
16 therein.

17      27.     Answering paragraph 27, the City lacks sufficient information or knowledge to
18 answer the allegations stated therein, and on that basis denies each and every allegation stated
19 therein.

20      28.     Answering paragraph 28, the City admits the allegations therein.

21 **IV.    FACTUAL BACKGROUND**

22      29.     Answering paragraph 29, the City admits the allegations therein accurately cite to the
23 referenced source.  The City lacks sufficient information or knowledge to further answer the
24 allegations stated therein, and on that basis denies each and every allegation stated therein.

25      30.     Answering paragraph 30, the City admits the allegations therein accurately cite to the
26 referenced source.  The City lacks sufficient information or knowledge to further answer the
27 allegations stated therein, and on that basis denies each and every allegation stated therein.

28      31.     Answering paragraph 31, the City lacks sufficient information or knowledge to

answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

32. Answering paragraph 32, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

33. Answering paragraph 33, the City admits that its Rent Adjustment Program is a program that protects tenants in covered units from annual rent increases beyond the amount set by the Program, and that the Program is one mechanism to preserve affordable rental housing. The City lacks sufficient information or knowledge to further answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

34. Answering paragraph 34, the City admits that its Rent Adjustment Program limits allowable rent increases in covered units based on a formula, with various exceptions, and that the annual CPI rate for increases effective between July 1, 2019 and June 30, 2020 is 3.5%. The City lacks sufficient information or knowledge to further answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

35. Answering paragraph 35, the City admits that its Rent Adjustment Program administers the City's Rent Adjustment Ordinance, as further set forth in Chapter 8.22 of the Oakland Municipal Code. The City lacks sufficient information or knowledge to further answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

36. Answering paragraph 36, The City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

37. Answering paragraph 37, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

38. Answering paragraph 38, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

39. Answering paragraph 39, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

40. Answering paragraph 40, the allegations therein are legal contentions and conclusions of law that do not require a response. To the extent the foregoing does not answer any allegation of fact in that paragraph, the City denies each and every allegation stated therein.

41. Answering paragraph 41, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

42. Answering paragraph 42, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

43. Answering paragraph 43, the allegations therein are legal contentions and conclusions of law that do not require a response. To the extent the foregoing does not answer any allegation of fact in that paragraph, the City denies each and every allegation stated therein.

44. Answering paragraph 44, the allegations therein are legal contentions and conclusions of law that do not require a response. To the extent the foregoing does not answer any allegation of fact in that paragraph, the City denies each and every allegation stated therein.

45. Answering paragraph 45, the allegations therein are legal contentions and conclusions of law that do not require a response. To the extent the foregoing does not answer any allegation of fact in that paragraph, the City denies each and every allegation stated therein.

46. Answering paragraph 46, the allegations therein are legal contentions and conclusions of law that do not require a response. To the extent the foregoing does not answer any allegation of fact in that paragraph, the City denies each and every allegation stated therein.

47. Answering paragraph 47, the allegations therein are legal contentions and conclusions of law that do not require a response. To the extent the foregoing does not answer any allegation of fact in that paragraph, the City denies each and every allegation stated therein.

48. Answering paragraph 48, the City lacks sufficient information or knowledge to

5
DEFENDANT CITY OF OAKLAND'S ANSWER TO PLAINTIFFS' COMPLAINT –
Case No. 4:19-cv-05398 JST

1 answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

2. 49. Answering paragraph 49, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

50. Answering paragraph 50, the City denies the allegations therein.

51. Answering paragraph 51, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

52. Answering paragraph 52, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

53. Answering paragraph 53, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

54. Answering paragraph 54, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

55. Answering paragraph 55, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

56. Answering paragraph 56, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

57. Answering paragraph 57, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

58. Answering paragraph 58, the City lacks sufficient information or knowledge to

1    answer the allegations stated therein, and on that basis denies each and every allegation stated
2    therein.
3       59.    Answering paragraph 59, the City lacks sufficient information or knowledge to
4    answer the allegations stated therein, and on that basis denies each and every allegation stated
5    therein.
6       60.    Answering paragraph 60, the City lacks sufficient information or knowledge to
7    answer the allegations stated therein, and on that basis denies each and every allegation stated
8    therein.
9       61.    Answering paragraph 61, the City lacks sufficient information or knowledge to
10   answer the allegations stated therein, and on that basis denies each and every allegation stated
11   therein.
12      62.    Answering paragraph 62, the City lacks sufficient information or knowledge to
13   answer the allegations stated therein, and on that basis denies each and every allegation stated
14   therein.
15      63.    Answering paragraph 63, the City lacks sufficient information or knowledge to
16   answer the allegations stated therein, and on that basis denies each and every allegation stated
17   therein.
18      64.    Answering paragraph 64, the City lacks sufficient information or knowledge to
19   answer the allegations stated therein, and on that basis denies each and every allegation stated
20   therein.
21      65.    Answering paragraph 65, the City lacks sufficient information or knowledge to
22   answer the allegations stated therein, and on that basis denies each and every allegation stated
23   therein.
24      66.    Answering paragraph 66, the City lacks sufficient information or knowledge to
25   answer the allegations stated therein, and on that basis denies each and every allegation stated
26   therein.
27      67.    Answering paragraph 67, the City lacks sufficient information or knowledge to
28   answer the allegations stated therein, and on that basis denies each and every allegation stated

therein.

68. Answering paragraph 68, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

69. Answering paragraph 69, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

70. Answering paragraph 70, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

**V.    CLASS ACTION ALLEGATIONS**

71. Answering paragraph 71, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

72. Answering paragraph 72, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

73. Answering paragraph 73, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

74. Answering paragraph 74, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

75. Answering paragraph 75, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

76. Answering paragraph 76, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated

1 therein.

2     77.    Answering paragraph 77, the City denies the allegations therein.

3     78.    Answering paragraph 78, this is not an allegation of fact to which a response is
4 required.

5 **VI.    LEGAL CLAIMS**

6 **FIRST CAUSE OF ACTION**

7     79.    The City incorporates by reference its responses to all of the foregoing and
8 subsequent paragraphs herein.

9     80.    Answering paragraph 80, the allegations therein are legal contentions and
10 conclusions of law that do not require a response.  To the extent the foregoing does not answer any
11 allegation of fact in that paragraph, the City denies each and every allegation stated therein.

12     81.    Answering paragraph 81, the allegations therein are legal contentions and
13 conclusions of law that do not require a response.  To the extent the foregoing does not answer any
14 allegation of fact in that paragraph, the City denies each and every allegation stated therein.

15     82.    Answering paragraph 82, the City admits the allegations therein.

16     83.    Answering paragraph 83, the City admits the allegations therein.

17     84.    Answering paragraph 84, the City lacks sufficient information or knowledge to
18 answer the allegations stated therein, and on that basis denies each and every allegation stated
19 therein.

20     85.    Answering paragraph 85, the allegations therein are legal contentions and
21 conclusions of law that do not require a response.  To the extent the foregoing does not answer any
22 allegation of fact in that paragraph, the City denies each and every allegation stated therein.

23     86.    Answering paragraph 86, the allegations therein are legal contentions and
24 conclusions of law that do not require a response.  To the extent the foregoing does not answer any
25 allegation of fact in that paragraph, the City denies each and every allegation stated therein.

26     87.    Answering paragraph 87, the City denies the allegations therein.

27     88.    Answering paragraph 88, the City denies the allegations therein.

28     89.    Answering paragraph 89, the allegations therein are legal contentions and

1  conclusions of law that do not require a response.  To the extent the foregoing does not answer any
2  allegation of fact in that paragraph, the City denies each and every allegation stated therein.

3      90.    Answering paragraph 90, the City denies the allegations therein.

4      91.    Answering paragraph 91, the City denies the allegations therein.

5      92.    Answering paragraph 92, the City admits that counsel for Plaintiffs sent a letter to the
6  City on or about June 6, 2019 requesting that the City modify its Rent Adjustment Program.  The
7  City denies the remainder of the allegations therein.

8      93.    Answering paragraph 93, the City denies the allegations therein.

9      94.    Answering paragraph 94, the City denies the allegations therein.

10      95.    Answering paragraph 95, the City denies the allegations therein.

## SECOND CAUSE OF ACTION

12      96.    The City incorporates by reference its responses to all of the foregoing and
13  subsequent paragraphs herein.

14      97.    Answering paragraph 97, the allegations therein are legal contentions and
15  conclusions of law that do not require a response.  To the extent the foregoing does not answer any
16  allegation of fact in that paragraph, the City denies each and every allegation stated therein.

17      98.    Answering paragraph 98, the City denies the allegations therein.

18      99.    Answering paragraph 99, the City denies the allegations therein.

19      100.    Answering paragraph 100, the City denies the allegations therein.

20      101.    Answering paragraph 101, the City denies the allegations therein.

21      102.    Answering paragraph 102, the City denies the allegations therein.

## THIRD CAUSE OF ACTION

23      103.    The City incorporates by reference its responses to all of the foregoing and
24  subsequent paragraphs herein.

25      104.    Answering paragraph 104, the allegations therein are legal contentions and
26  conclusions of law that do not require a response.  To the extent the foregoing does not answer any
27  allegation of fact in that paragraph, the City denies each and every allegation stated therein.

28      105.    Answering paragraph 105, the City denies the allegations therein.

1  **VII.  PRAYER FOR RELIEF**

2  The City denies the allegations in Plaintiffs' prayer for relief.

3  **<u>AFFIRMATIVE DEFENSES</u>**

4  **FIRST AFFIRMATIVE DEFENSE**

5  Plaintiffs lack standing, including as to maintaining the causes of action alleged and as to
6  the type and scope of relief sought.  Plaintiffs' alleged harm is not concrete in nature, nor caused
7  by the City, and cannot be remedied by the court.  In addition, Plaintiff Parker voluntarily
8  dismissed her claims, and should the remaining Plaintiffs choose to cease renting, move out of
9  Oakland, or otherwise cease to pursue any benefit under the City's Rent Adjustment Program,
10  they would likewise not have standing to pursue injunctive relief.

11  **SECOND AFFIRMATIVE DEFENSE**

12  To the extent Plaintiffs seek injunctive relief that would impose financial burdens on the
13  City, the City is immune from Plaintiffs' state law claims pursuant to statutory immunities,
14  including but not limited to Government Code sections 815.2, 818.2, 818.4, 818.6, 820.2, 820.4,
15  820.6, 820.8, and 821.

16  **THIRD AFFIRMATIVE DEFENSE**

17  Plaintiffs' claims are or may become moot.  State law regulating rent increases has been
18  recently enacted, and additional measures may be considered by the voters, and these laws may
19  limit or negate Plaintiffs' alleged harm.  In addition, Plaintiff Parker voluntarily dismissed her
20  claims, and should the remaining Plaintiffs choose to cease renting, move out of Oakland, or
21  otherwise cease to pursue any benefit under the City's Rent Adjustment Program, their claims
22  would likewise become moot.

23  **FOURTH AFFIRMATIVE DEFENSE**

24  Plaintiffs' alleged harm was caused or contributed to by persons and causes other than the
25  City, including Plaintiffs, thereby eliminating or reducing any alleged liability of the City,
26  including but not limited to by Plaintiffs' failure to take reasonable steps to avail themselves of
27  the Rent Adjustment Program, Plaintiffs' failure to take reasonable steps to locate accessible
28  housing and/or housing covered by the Program, the failure of any unit owner to comply with

11
DEFENDANT CITY OF OAKLAND'S ANSWER TO PLAINTIFFS' COMPLAINT –

1  applicable accessibility laws, and by the failure of Plaintiffs or any unit owner to reasonably

2  improve accessibility of any unit covered by the Rent Adjustment Program.

3  **FIFTH AFFIRMATIVE DEFENSE**

4  Plaintiffs have failed to join in this action the persons or entities alleged to have caused

5  Plaintiffs' harm, and have failed to join in this action other persons or entities whose rights may

6  be impacted by the injunctive relief Plaintiffs seek.  Plaintiffs' claims are focused on the cost and

7  accessibility of their rental units, which is a matter between Plaintiffs and the owners of rental

8  units, and not a matter within the City's control.  While the scope of the injunctive relief Plaintiffs

9  seek is unclear at this time, an injunction may not attempt to determine the rights of parties not

10 before the court.  *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719 (9th Cir. 1983).

11 **SIXTH AFFIRMATIVE DEFENSE**

12 Plaintiffs' claims are barred by the applicable statute of limitations.  The City's Rent

13 Adjustment Program, and the accessibility laws identified in the Complaint, have existed for

14 many years, and Plaintiffs allege that they last sought to move in 2012 and 2015, yet waited until

15 2019 to pursue their claims.  A three-year statute of limitations applies to Plaintiffs' claims.  *See*

16 *Sharkey v. O'Neal*, 778 F.3d 767 (9th Cir. 2015).

17 **SEVENTH AFFIRMATIVE DEFENSE**

18 Plaintiffs contend the City should "adopt a new Program exemption date that is

19 inconsistent with state or local law, including California Civil Code section 1954.52(a)(2), or any

20 other provision of the Costa-Hawkins Rental Housing Act," and Plaintiffs' claims are barred to

21 the extent this or any other modification would require the City to fundamentally alter the City's

22 services and programs.  *See* 28 C.F.R. §§ 35.130(b)(7), 35.150(a)(3).

23 **EIGHTH AFFIRMATIVE DEFENSE**

24 Plaintiffs contend the City should "adopt a new Program exemption date that is

25 inconsistent with state or local law, including California Civil Code section 1954.52(a)(2), or any

26 other provision of the Costa-Hawkins Rental Housing Act," and Plaintiffs' claims are barred to

27 the extent this or any other modification would place an undue financial or administrative burden

28 or hardship on the City.  *See* 28 C.F.R. § 35.150(a)(3).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of laches.  The City's Rent Adjustment Program, and the accessibility laws identified in the Complaint, have existed for many years, and Plaintiffs allege that they last sought to move in 2012 and 2015, yet waited until 2019 to pursue their claims, and Plaintiffs' delay in asserting their claims may create prejudice to the City.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to take reasonable steps to prevent or mitigate their alleged harm, including but not limited to failing to adequately pursue accessible units covered by the Rent Adjustment Program or failing to adequately pursue accessibility modifications to available units covered by the Program.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted on behalf of the purported class alleged in the Complaint, if allowed to be tried upon or with so-called representative evidence, would violate the procedural and substantive due process clauses of the California and federal Constitutions.

## RESERVATION OF ADDITIONAL DEFENSES

The City presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.  The City reserves the right to assert additional affirmative defenses in the event investigation and discovery indicate that they would be appropriate.

Respectfully submitted,

Dated:  April 16, 2020

BARBARA J. PARKER, City Attorney


By:  /s/ Kevin P. McLaughlin
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney
Attorneys for Defendant
CITY OF OAKLAND