DocuSign Envelope ID: 14B2C2BD-21D0-44C3-9C15-8571287CE3C5

DISABILITY RIGHTS ADVOCATES
Thomas Zito (CA BAR NO. 304629)
Sean Betouliere (CA BAR NO. 308645)
Shira Tevah (CA BAR NO. 307106)
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Tel:   (510) 665-8644
Fax:   (510) 665-8511
Email: tzito@dralegal.org

Michael Rawson (CA BAR NO. 95868)
Craig Castellanet (CA BAR NO. 176054)
Melissa A. Morris (CA BAR NO. 233393)
Public Interest Law Project
449 15th St., Suite 301
Oakland, CA 94612-06001
Tel:   (510) 891-9794
Fax:   (510) 891-9727
Email: mrawson@pilpca.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IAN SMITH and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>             Defendant | Case No. 4:19-cv-05398-JST<br><br>**DECLARATION OF PLAINTIFF IAN SMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

*Smith et al. v. City of Oakland*, Case No. 4:19-cv-05398-JST
**Declaration of Ian Smith in Support of Plaintiffs' Motion for Class Certification**

## DECLARATION OF IAN SMITH

I, Ian Smith, declare as follows:

1. This declaration is based on my personal knowledge, and if called as a witness, I could competently testify to its contents.

2. I live in Oakland, California and have been a renter in Oakland since 2012.

3. I have Morquio Type A syndrome, a condition which affects, among other things, my joint function, muscle strength, and limb length. I use a power wheelchair full time. Because of my disability, I need to live in accessible housing.

4. For an apartment unit to be accessible to me, it must have a stair-free route into and through the building; the public and common areas must comply with the accessible design and construction requirements of state and/or federal law; the doors, hallways, and other pathways must be wide enough for my wheelchair to get through; the light switches, environmental controls, and outlets must be reachable; and there must be enough space in the kitchen and bathroom to maneuver a wheelchair.

5. Before I moved to Oakland, I looked for accessible rental units from January to May of 2012, but I was unable to find any accessible rental units covered by the Rent Adjustment Program ("rent control").

6. When I first moved into my accessible apartment in Oakland in 2012, the rent was $1,697 per month. Since then, my rent has increased over 70%, and is now over $1,200 more per month. If I had been able to rent an accessible apartment that was covered by City rent control, my rent could generally only have gone up by about 14% (or about $230) in that same period. Since moving into my current apartment in 2012, I have searched for accessible rental units in Oakland covered by the rent control Program several times. I have done this primarily through internet searches, though I have also visited at least two units in person. I have not been able to find any accessible rent-controlled units.

7. Based on these experiences, I believe there are few if any units that are both accessible and covered by the City's rent control, meaning that I—and many other Oakland

renters like me—have no opportunity to access the protection from rising rents that the Program provides.

8. I am also aware that state and federal laws requiring private rental units to be accessible did not go into effect until well after the rent control Program's current January 1983 cutoff date for covered units. This fact aligns with my own experiences and supports my belief that few if any rent controlled units in Oakland are accessible. I am a named plaintiff in this case because I believe that Oakland renters who have mobility disabilities, and who thus need accessible housing should have a meaningful opportunity to access the protections from rising rent that City's rent control program provides, without having to endure the hardship of life in an inaccessible unit just to get them.

9. As a named Plaintiff, I have been actively involved in nearly every aspect of this case. I estimate that I have already spent many hours discussing this case with my attorneys; reviewing drafts of the complaint; providing feedback on all settlement correspondence; preparing for and giving deposition testimony; and otherwise doing everything I can to advance this case and the interests of the class in every way I can. I am available to assist my attorneys with the case whenever necessary, and they routinely check in with me to answer questions and keep me updated on the litigation. If I am appointed as a class representative, I am fully prepared to continue such efforts on behalf of myself and the class.

10. I seek only injunctive relief for current and future Oakland renters who have mobility disabilities, and who thus need accessible rental units in the City of Oakland. I believe that I and other members of this class are currently denied a meaningful and equal opportunity to access the protections of City rent control, because few if any of the units it covers are accessible.

11. I understand that if I am appointed as a class representative in this case, I have a duty to represent not just my own interest in this lawsuit but also the interests of all class members. I am eager to fulfill these responsibilities, and I will represent the class the best of my abilities if permitted to do so.

*Smith et al. v. City of Oakland*, Case No. 19-5398-JST
**Declaration of Ian Smith in Support of Plaintiffs' Motion for Class Certification**    2

12. In fact, while I am certainly personally harmed by the fact that few if any of the units in Oakland's rent control Program are accessible, I joined this case in large part to advance the interests of *other* people with disabilities affected by the same discrimination—people whose financial situations and access to housing may be much more precarious than my own, and who are thus even more harmed by the lack of accessible rent controlled housing (and the consequent lack of a meaningful opportunity to access the protections of City rent control) than I am.

13. To my knowledge, I have no conflict of interest with the class that would prevent me from fulfilling my duties as a class representative.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 21, 2020

Respectfully Submitted,

*Ian Smith*

Ian Smith