Thomas Zito (CA BAR NO. 304629)
Sean Betouliere (CA BAR NO. 308645)
Shira J. Tevah (CA BAR NO. 307106)
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511
Email: tzito@dralegal.org

Michael Rawson (CA BAR NO. 95868)
Craig Castellanet (CA BAR NO. 176054)
Melissa A. Morris (CA BAR NO. 233393)
Public Interest Law Project
449 15th St., Suite 301
Oakland, CA 94612-06001
Tel: (510) 891-9794
Fax: (510) 891-9727
Email: mrawson@pilpca.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN SMITH and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>Defendant. | **Case No. 4:19-cv-05398-JST**<br><br>**MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11 TO SEAL PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND SUPPORTING MATERIALS**<br><br>Judge: Hon. Jon S. Tigar |

# INTRODUCTION AND MOTION

Pursuant to Federal Rule of Civil Procedure 26(c), the parties' stipulated protective order entered on November 20, 2020 (Dkt. No. 60), and other applicable law, Plaintiffs hereby move the Court pursuant to Local Rule 7-11 and 79-5 to seal by redaction the portions of Defendant's Opposition to Plaintiffs Motion for Class Certification and supporting materials which contain Plaintiffs' current or former home addresses. Specifically, Plaintiffs request that the Court seal the city's Opposition as well as Request for Judicial Notice and exhibits filed by the City of Oakland and replace in the public record the appended redacted motion, request, and exhibits. Plaintiffs request that the City's Opposition (Dkt. No. 54) be replaced with Exhibit 2 to the Declaration of Shira Tevah in support of this motion ("Tevah Decl."); Exhibit A to Mr. McLaughlin's Declaration (Dkt. No. 55-1) be replaced with Exhibit 3 to the Tevah Decl.; Exhibit B to Mr. McLaughlin's Declaration (Dkt. No. 55-2) be replaced with Exhibit 4 to the Tevah Decl.; Defendant's Request for Judicial Notice (Dkt. No. 57) be replaced with Exhibit 5 to the Tevah Decl.; and Exhibit D to the City's Request for Judicial Notice (Dkt. No. 57-4) be replaced with Exhibit 6 to the Tevah Decl.

Plaintiffs asked the Defendant to stipulate to this motion, but it refused. Tevah Decl. ¶¶ 4-8, Ex. 1. Plaintiffs then asked the City of Oakland whether it opposes Plaintiffs' motion, and the City declined to state whether it would oppose the instant motion. *Id.*

# ARGUMENT

The parties' stipulated protective order allows any party to designate material as confidential, after which the other party may not file it in the public record "[w]ithout written permission from the Designating Party or a court order secured after appropriate notice to all interested persons." Section 12.3 While the Protective Order prefers instantaneous confidentiality designations, it also permits a party to designate material as confidential after a production or deposition:

> Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Dkt. No. 60, § 5.3. In accordance with this provision, Plaintiffs sought to protect their current and former home addresses on November 20, informing the court reporter and counsel for the City of the same. Tevah Decl. ¶¶ 3-4. Plaintiffs realized that the City had already filed material containing Plaintiffs' home addresses in its Opposition to Plaintiffs' Motion for Class Certification on November 13, 2020,[1] before the stipulated protective order was entered and before Plaintiffs notified Defendant of their confidential nature. *Id.* ¶ 4. Plaintiffs asked Defendant to join Plaintiffs in file a motion to retroactively seal this content in light of Plaintiffs' designation, but Defendant refused. *Id.*

Home addresses are regularly treated by federal courts as confidential, in the context of dispositive or non-dispositive motions, because their publication can lead to harassment or harm such as identity theft. *See*, *e.g.*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1182, 1184, 1177-78 (9th Cir. 2006) (upholding magistrate judge's "granting redactions related to the home addresses and Social Security numbers of law enforcement officers and Kamakana"); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (upholding redaction of third party names, addresses, telephone numbers, and social security numbers). Redacting home addresses meets Rule 26(c)'s "good cause" standard for non-dispositive motions as well as the more stringent "compelling reasons" standard for dispositive motions. *See* Federal Rule of Civil Procedure 26(c)(1) ("the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *Burgess v. Town of Wallingford*, No. 3:11-CV-1129 CSH, 2012 WL 4344194, at *11 (D. Conn. Sept. 21, 2012) (by gathering information such as a home address, "a criminal may obtain enough personal information to exploit an individual" and "there is minimal countervailing public interest in the disclosure of such personally identifying information"); *Kamakana*, 447 F.3d at 1178.

Under the Ninth Circuit law, a party may remain anonymous in a pleading where "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Here, Plaintiffs are not asking for complete anonymity, only that particular personal identifying

---

[1] The material which contains home addresses includes: the City's motion, Exhibits A and B to the Declaration of Kevin McLaughlin, Defendant's Request for Judicial Notice, and Exhibit D to Defendant's Request for Judicial Notice. Tevah Decl., ¶ 9-13, Exs. 2-6.

information such as current and former addresses be kept out of the public record. There is no prejudice to the City as the City is aware of those addresses, and Plaintiffs have disclosed those addresses freely in depositions. Additionally, there is no compelling public interest that is served in publishing Plaintiffs' current and past addresses in public court records. Although the public's interest in open judicial proceedings is axiomatic, *see Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 492-93 (1975), disguising a plaintiff's identity, even in a case with "widespread implications . . . to the public at large," need not "obstruct public scrutiny of the important issues" and may in fact "serve the public's interest in [a] lawsuit by enabling it to go forward." *Advanced Textile*, 214 F.3d at 1072-73. Again, Plaintiffs do not ask to "disguise" their identities, only that their past and current home addresses—which have been designated "confidential" under the stipulated Protective Order—be placed and maintained under seal per that order. This is necessary to prevent the Plaintiffs from harassment and identity theft, concerns which outweigh any public interest in knowing current and past domiciles.

Plaintiffs therefore request that the Court order the sealing of references to Plaintiffs' current or former home addresses and replace Defendant's filings with the redacted versions submitted by Plaintiffs with this motion.

DATED:  November 25, 2020             Respectfully submitted,

                                                DISABILITY RIGHTS ADVOCATES


                                                /s/ Shira Tevah
                                                Shira Tevah
                                                Thomas Zito


                                                PUBLIC INTEREST LAW PROJECT


                                                /s/ Michael Rawson
                                                Michael Rawson
                                                Craig Castellanet
                                                Melissa A. Morris

                                                Attorneys for Plaintiffs