Thomas Zito (CA BAR NO. 304629)
Sean Betouliere (CA BAR NO. 308645)
Shira J. Tevah (CA BAR NO. 307106)
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Tel:  (510) 665-8644
Fax: (510) 665-8511
Email: tzito@dralegal.org

Michael Rawson (CA BAR NO. 95868)
Craig Castellanet (CA BAR NO. 176054)
Melissa A. Morris (CA BAR NO. 233393)
Public Interest Law Project
449 15th St., Suite 301
Oakland, CA 94612-06001
Tel:  (510) 891-9794
Fax: (510) 891-9727
Email: mrawson@pilpca.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IAN SMITH and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>Defendant. | **Case No. 4:19-cv-05398-JST**<br><br>**DECLARATION OF SHIRA TEVAH IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND SUPPORTING MATERIALS** |

I, Shira Tevah, declare:

1. I am an attorney duly licensed to practice law in the State of California, and I am counsel of record for Plaintiffs and the putative class in this action. The statements made in this declaration are made of my own personal knowledge. If called as a witness, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of Plaintiffs' motion for administrative relief to seal portions of Defendant's Opposition to Plaintiffs' Motion for Class Certification and supporting materials.

3. On November 20th, 2020, Plaintiffs sought to designate as confidential, pursuant to the Stipulated Protective Order entered on the same date, portions of the deposition transcripts of Named Plaintiffs, including current and former home addresses, as well as exhibits to those depositions that were previously produced containing the same. I sent these designations to the court reporter by email.

4. I forwarded the email to the court reporter containing Plaintiffs' designations to Deputy City Attorney Kevin McLaughlin on the same date. I asked Mr. McLaughlin to join Plaintiffs in a motion to seal by redaction the references to Named Plaintiffs' home addresses that had previously been filed by Defendant on the public docket on November 13, 2020 in Defendant's Opposition to Plaintiffs' Motion for Class Certification and supporting materials. I did not intimate that the City had opposed the Protective Order, but asked for the City's cooperation in remedying a situation that arose in which material was filed on the docket before the protective order was in place.

5. Deputy City Attorney McLaughlin responded on November 24, indicating that the City believed the designations I sent on November 20 were not effective and explaining that the City needed more information regarding Plaintiffs' particularized confidentiality concerns in order to determine whether it opposed the confidentiality of Plaintiffs' addresses.

6. Plaintiffs responded the same day, further explaining the legal basis for redacting Plaintiffs' home addresses from the public record. Plaintiffs again asked if Defendant would work with Plaintiffs to retrospectively follow the Protective Order's requirements by placing the designated information under seal.

7.     Deputy City Attorney McLaughlin responded on November 25, indicating that the City would not join any such motion. Plaintiffs asked whether the City would oppose the motion, and the Mr. McLaughlin responded that "[t]he City disputes that the address information is confidential" but that he was "not sure at this point whether we would file an opposition." A stipulation therefore could not be obtained.

8.     Attached as Exhibit 1 is a true and correct copy of the email exchange between myself and Mr. McLaughlin on November 24th and 25th regarding the possibility of a stipulation.

9.     Attached as Exhibit 2 is a true and correct copy of Docket No. 54, Defendant's Opposition to Plaintiffs' Motion for Class Certification, in which I redacted any reference to Plaintiffs' current or former address/es.

10.     Attached as Exhibit 3 is a true and correct copy of Docket No. 55-1, Exhibit A to Kevin McLaughlin's Declaration in Support of Defendant's Opposition to Plaintiffs' Motion for Class Certification, in which I redacted any reference to Plaintiffs' current or former address/es.

11.     Attached as Exhibit 4 is a true and correct copy of Docket No. 55-2, Exhibit A to Kevin McLaughlin's Declaration in Support of Defendant's Opposition to Plaintiffs' Motion for Class Certification, in which I redacted any reference to Plaintiffs' current or former address/es.

12.     Attached as Exhibit 5 is a true and correct copy of Docket No. 57, Defendant's Request for Judicial Notice, in which I redacted any reference to Plaintiffs' current or former address/es.

13.     Attached as Exhibit 6 is a true and correct copy of Docket No. 57-4, Exhibit D to Defendant's Request for Judicial Notice, in which I redacted any reference to Plaintiffs' current or former address/es.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Oakland, California this 25th day of November 2020.

*Shira Tevah*
Shira Tevah

---

*Smith et al. v. City of Oakland*, **Case No. 4:19-cv-05398-JST**
**Declaration of Shira Tevah**