UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN SMITH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND,<br><br>    Defendant. | Case No. 19-cv-05398-JST<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: ECF No. 71 |

Before the Court is Defendant the City of Oakland's ("the City") motion for judgment on the pleadings. ECF No. 71. Plaintiffs opposed the motion, ECF No. 77, and the City filed a reply, ECF No. 79. The Court will deny the motion.

The City argues that "public entities do not violate Title II through a facially-neutral regulation of inaccessible private buildings" unless that regulation causes a disparate level of accessibility. ECF No. 71 at 2, 6. The City contends that its rent control program ("the RAP") does not violate the ADA because it does not cause the alleged inaccessibility of private housing. Plaintiffs respond that the City has already made this argument and the Court has twice rejected it. ECF No. 77 at 5 (citing ECF No. 66 at 11, ECF No. 38 at 8, 14). Plaintiffs explain that they have been denied meaningful access to the benefit of rent control that nondisabled renters enjoy because the City refuses to "reasonably modify" the RAP. *Id.* at 7. They contend that "they have been harmed by the City's own discriminatory actions and inactions." *Id.* at 6.

Plaintiffs are correct that the City's arguments trod a well-worn path. In denying the City's motion to dismiss, the Court rejected the City's argument that Plaintiffs' alleged injuries were "not traceable to the conduct of the City," ECF No. 20 at 19, explaining that:

> [The City] ignores the fact that the City *is* controlling a key aspect of

> the housing market – price, for a subset of its housing stock. The argument also mischaracterizes Plaintiffs' alleged injury, which focuses on discriminatory access to a government program, not the underlying housing itself. Because the City passed and implements the RAP, Plaintiffs' alleged injury of unequal access to this program is fairly traceable to the City's conduct.

ECF No. 38 at 8. In holding that Plaintiffs had sufficiently alleged the third element of their ADA claim, the Court also stated:

> Plaintiffs' claim is premised on the actions of the City of Oakland, not private individuals. While soaring housing costs and a lack of accessible private units may be attributable to outside forces, the City is responsible for choosing which units to include in its rent control program. By choosing to regulate rent increases only on units that are not accessible, the City has allegedly denied Plaintiffs meaningful access to the benefit it has chosen to offer . . . . Plaintiffs are allegedly unable to participate in the benefit offered by the City without incurring undue burden to their safety and wellbeing.

*Id.* at 14. Finally, the Court emphasized that "it is the program's accessibility that matters," not the underlying housing, in discussing Plaintiffs' alleged injury. *Id.* at 7.

The City again made a version of the arguments underlying its motion to dismiss in its opposition to Plaintiffs' motion for class certification. The Court "rejected the City's contention that '[w]hether the [RAP] is inaccessible must turn on . . . individualized inquir[ies] into whether a particular unit is accessible to a particular individual'" by relying on its reasoning denying the City's motion to dismiss. ECF No. 66 at 11 (quoting ECF No. 54 at 27).

The Court finds the instant motion for judgment on the pleadings to be simply the most recent iteration of the same underlying argument that the Court has already rejected: the City is not liable for the inaccessibility of the RAP because the injury to Plaintiffs is the lack of accessible housing, not the facially-neutral regulation of inaccessible housing. The Court incorporates the reasoning from its prior orders by reference and reiterates that "it is [the RAP's] accessibility that matters," and that "[b]y choosing to regulate rent increases only on units that are not accessible, the City has allegedly denied Plaintiffs meaningful access to the benefit it has chosen to offer." ECF No. 38 at 7, 14. The City's choice of what housing to include in the RAP is what Plaintiffs contend is discriminatory.

2

The cases the City relies on are distinguishable because Plaintiffs' claims are based on the City's conduct rather than the acts of third parties. For example, *Noel v. N.Y.C. Taxi & Limousine Comm'n* considered allegations "that the taxi services in New York City fail[ed] to give meaningful access to persons with disabilities," and held that a government agency did not violate the ADA by regulating the private taxi industry even though the "industry . . . fail[ed] to afford meaningful access to passengers with disabilities." 687 F.3d 63, 69-72 (2d Cir. 2012). As Plaintiffs point out, *Noel* would be analogous only if the government agency "had been issuing medallions to inaccessible taxis but refusing to issue them to accessible ones." ECF No. 77 at 14 (emphasis omitted). Plaintiffs' claims are based on discriminatory access to a government program that they allege could be reasonably modified, not the inaccessibility of the underlying housing.

Defendant's motion for judgment on the pleadings is therefore DENIED.

**IT IS SO ORDERED.**

Dated: September 3, 2021



JON S. TIGAR
United States District Judge