| | |
|---|---|
| Thomas Zito (CA BAR NO. 304629)<br>Sean Betouliere (CA BAR NO. 308645)<br>Disability Rights Advocates<br>2001 Center Street, Third Floor<br>Berkeley, CA 94704-1204<br>Tel:  (510) 665-8644<br>Fax:  (510) 665-8511<br>Email: tzito@dralegal.org<br><br>Joshua M. Rosenthal (pro hac vice)<br>Disability Rights Advocates<br>655 Third Avenue, 14th Floor<br>New York, NY 10017-5621<br>Tel:  (212) 644-8644<br>Email: jrosenthal@dralegal.org<br><br>Michael Rawson (CA BAR NO. 95868)<br>Craig Castellanet (CA BAR NO. 176054)<br>Public Interest Law Project<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001<br>Tel:  (510) 891-9794<br>Fax:  (510) 891-9727<br>Email: mrawson@pilpca.org<br><br>Attorneys for Plaintiffs | Kevin P. McLaughlin, Supervising Deputy City Attorney (CA BAR NO. 251477)<br>Michael J. Quirk, Deputy City Attorney (CA BAR NO. 283351)<br>One Frank H. Ogawa Plaza, 6th Floor<br>Oakland, CA 94612<br>Tel:  (510) 238-2961<br>Fax:  (510) 238-6500<br>Email: kmclaughlin@oaklandcityattorney.org<br><br>Attorneys for Defendant City of Oakland |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IAN SMITH and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>                    Defendant. | **Case No. 4:19-cv-05398-JST**<br><br>**JOINT STIPULATED MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY SCHEDULING ORDER; [PROPOSED] ORDER** |

---

*Smith, et al. v. City of Oakland*, Case No. 4:19-cv-05398-JST
**Joint Stipulated Motion For Administrative Relief To Modify Scheduling Order; [Proposed] Order**

Pursuant to Civil Local Rule 7-11, the Parties present this joint stipulated motion for administrative relief, and move the Court for entry of an order modifying the current scheduling order in this matter. The Parties met and conferred regarding these proposed schedule modifications via multiple emails, and via videoconference on January 23, 2024.

### I.   BACKGROUND

On May 31, 2023, this Court issued a scheduling order pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10. (ECF No. 106). The current scheduling order outlines the following case deadlines, which Parties seek to modify:

| Event | Deadline |
|---|---|
| Fact discovery cut-off | December 22, 2023 |
| Expert disclosures | December 22, 2023 |
| Expert rebuttal | February 9, 2024 |
| Expert discovery cut-off | March 8, 2024 |
| Dispositive motions: | |
| A.  Plaintiff MSJ filing deadline | April 5, 2024 |
| B.  City MSJ/Opposition to Plaintiff | April 26, 2024 |
| C.  Plaintiff Opposition to MSJ/Reply | May 10, 2024 |
| D.  City Reply Brief | None |
| Dispositive motion hearing | May 30, 2024 at 2:00 p.m. |
| Pretrial conference statement due | July 26, 2024 |
| Pretrial conference | August 2, 2024 at 2:00 p.m. |
| Trial | August 26, 2024 at 8:30 a.m. |
| Estimate of trial length (in days) | Seven |

## II.     LEGAL STANDARD

Civil Local Rule 16 states that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). For purposes of the rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreation, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed.1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted). Courts often find good cause when the motion to modify the scheduling order is based upon new and pertinent information. *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 216 (N.D. Cal. 2015).

## III.    STIPULATED NEW AND PERTINENT INFORMATION SUPPORTING GOOD CAUSE TO MODIFY SCHEDULING ORDER

The Parties submit that the following information constitutes good cause for the scheduling order modifications proposed herein:

- At the close of discovery on December 22, 2023, Defendant disclosed three new fact witnesses. Plaintiffs wish to depose these three witnesses. The City has agreed to make the witnesses available. However, deposing them will require an extension of the current discovery deadlines.

- Also on December 22, 2023, Plaintiffs produced new documents indicating that Plaintiff Jeserich had searched for new housing following his last deposition, and that Plaintiff Smith had moved since his last deposition. Defendant wishes to depose Plaintiffs regarding these documents and their more recent searches for rental housing. Plaintiffs have agreed to make themselves available for a combined two hours of additional depositions (strictly limited to the subject of their rental housing searches since 2020, any related moves, rent increases or decreases, and accessibility or inaccessibility of any related housing). However,

- During a meet and confer on January 23, 2024, Parties agreed to request a limited reopening of fact discovery to 1) allow Plaintiffs to depose the three witnesses identified by the City on December 22, 2023, 2) allow the City to reopen the depositions of Plaintiff Jeserich and Plaintiff Smith for a combined total of two hours (strictly limited to the subject of their rental housing searches since 2020, any related moves, rent increases or decreases, and the accessibility or inaccessibility of any related housing), 3) allow Plaintiffs to request any relevant documents identified by the City's fact witnesses during depositions; and 4) for both Parties to further supplement discovery responses as necessary. However, because the fact discovery cut-off has passed, the Court must approve the Parties' requested modification to the scheduling order to allow this supplemental fact discovery.

- On the December 22, 2023, deadline for expert disclosures, statistical expert Dr. Drogin submitted a joint report based on data provided by both Parties, as previously agreed. The City subsequently determined that it had no need of Dr. Drogin's statistical expert services. Dr. Drogin is thus preparing a revised report as a Plaintiff-only statistical expert. However, because the expert disclosure deadline has passed, there must be a minor modification to the scheduling order to allow for this submission.

- During a meet and confer on January 10, 2024, the Parties mutually disclosed that they plan to file cross-motions for summary judgment. The current scheduling order set deadlines for three briefs: dispositive motions due April 5, 2024, opposition due April 26, 2024, and reply due May 10, 2024. (ECF No. 106). However, the Court's Standing Order states that when the parties file cross-motions for summary judgment, four briefs are required: opening brief by Plaintiff; opening/opposition by Defendant; opposition/reply by Plaintiff; and reply by Defendant. Tigar, J., Standing Order at ¶ I. The fourth brief must be filed

deposing them will require an extension of current discovery deadlines.

at least 21 days before the hearing date, which is currently set for May 30, 2024. *Id.* There is not enough time to add a fourth brief to the schedule and retain 21 days before the hearing date, and therefore the schedule must be modified to add the fourth brief and continue the hearing date at least 21 days thereafter.

- Plaintiffs' rebuttal expert, retained after the current scheduling order was set, is not available for the current trial date of August 26, 2024. In addition, in late January of 2024, another of Plaintiffs' experts informed Plaintiffs that he made a mistake regarding his availability, and that he also cannot be available for the current trial date.[1]

- The Parties anticipate that the issues in this case will be significantly narrowed following the Court's ruling on summary judgment. The modified schedule proposed herein will ensure that there is sufficient time between the dispositive motion hearing and date and the deadline for pretrial submissions for the Court to rule on dispositive motions, which will ensure that that the Parties do not waste time and resources preparing to try issues that will have already been decided.[2]

### IV. CONCLUSION AND [PROPOSED] MODIFIED SCHEDULE

Based on the above stipulation, the Parties respectfully request that the Court find there is good cause to modify the current scheduling order, and to adopt the following proposed modified schedule:

| Event | Current Deadline | Proposed |
|---|---|---|
| Fact discovery cut-off[3] | December 22, 2023 | March 8, 2024 |
| Expert disclosures | December 22, 2023 | No Change |

---

[1] The requested March 2025 trial date is the earliest that will work for all Parties. Plaintiffs and/or their experts have conflicts between September and December 2024, counsel for the City currently has a trial set for January of 2025, and counsel for Plaintiffs have another trial currently set for February 2025.

[2] In addition, Plaintiffs believe there is a possibility that the Court's ruling could lead to a renewal of settlement discussions, potentially eliminating the need for trial entirely.

[3] Fact discovery during this extended time will be limited as agreed during the Parties' January 23, 2024 meet and confer, as described above.

| | | |
|---|---|---|
| Expert rebuttal/Dr. Drogin expert disclosure | February 9, 2024 | February 23, 2024 |
| Expert discovery cut-off | March 8, 2024 | March 22, 2024 |
| Dispositive motions: | | |
| A. Plaintiffs' MSJ filing deadline | April 5, 2024 | April 26, 2024 |
| B. City MSJ/Opposition to Plaintiffs due | April 26, 2024 | May 17, 2024 |
| C. Plaintiffs' Opposition to MSJ/Reply due | May 10, 2024 | June 7, 2024 |
| D. City Reply Brief due | None | June 21, 2024 |
| Dispositive motion hearing | May 30, 2024 at 2:00 p.m. | July 18, 2024 at 2:00 p.m. |
| Pretrial conference statement due | July 26, 2024 | February 14, 2025 |
| Pretrial conference | August 2, 2024 at 2:00 p.m. | February 21, 2025 at 2:00 p.m. |
| Trial | August 26, 2024 at 8:30 a.m. | March 17, 2025 at 8:30 a.m. |
| Estimate of trial length (in days) | Seven | No Change |

Respectfully Submitted,

Dated: January 29, 2024　　　　　　　　　　DISABILITY RIGHTS ADVOCATES


By: /s/ Sean Betouliere
　　Sean Betouliere


PUBLIC INTEREST LAW PROJECT


By: /s/ Michael Rawson
　　Michael Rawson

Counsel for Plaintiffs

*Smith, et al. v. City of Oakland*, Case No. 19-5398-JST
Joint Stipulated Motion For Administrative Relief To Modify Scheduling Order; [Proposed] Order　　　5

Dated: January 29, 2024                                    CITY OF OAKLAND

By: /s/ Kevin McLaughlin
    Kevin P. McLaughlin, Deputy City Attorney

Counsel for Defendant City of Oakland

**[PROPOSED] ORDER**

**PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.**

Dated:                                                     By: _____
                                                           The Honorable Jon S. Tigar
                                                           United States District Court
                                                           Northern District of California