Thomas Zito (CA BAR NO. 304629)
Sean Betouliere (CA BAR NO. 308645)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511
Email: tzito@dralegal.org

Emily Roznowski (pro hac vice)
DISABILITY RIGHTS ADVOCATES
300 S. Wacker Drive, Floor 32
Chicago, Illinois 60606
Tel: (332) 217-2328
Email: eroznowski@dralegal.org

Michael Rawson (CA BAR NO. 95868)
Craig Castellanet (CA BAR NO. 176054)
PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, CA 94612-06001
Tel: (510) 891-9794
Fax: (510) 891-9727
Email: mrawson@pilpca.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN SMITH and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>Defendant | **Case No. 4:19-cv-05398-JST**<br><br>DECLARATION OF SEAN BETOULIERE AND EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>Date July 18, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, Oakland Courthouse |

I, Sean Betouliere, declare as follows:

1. I am an attorney admitted to practice law in California, a member of the bar of this Court, and counsel of record for Plaintiffs. I have been an attorney of record on this case since its inception. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently testify to them. I submit this declaration in support of Plaintiff's Motion for Summary Judgment.

2. The following exhibits in in support of Plaintiffs' Motion for Summary Judgment—generally, listed in the order they are cited in Plaintiffs' Motion for Summary Judgment—are attached to this declaration. Each of these Exhibits could be authenticated (and otherwise presented in admissible form) at trial.[1]

| Exhibit Letter | Description |
| --- | --- |
| A | Residential Rent Adjustment Program Ordinance (Oakland Municipal Code §§ 8.22.010-8.22.250) |
| B | Excerpts from Transcript of Chanee Franklin Minor Deposition |
| C | Rent Adjustment Program Annual Report 2018-2019 and 2019-2020 |
| D | Rent Adjustment Program Annual Report 2020-2021 and 2021-2022 |
| E | June 2016 Performance Audit of the City of Oakland Rent Adjustment Program |
| F | City of Oakland's Supplemental Response to Plaintiff Ian Smith's Special Interrogatories, Set One |
| G | City of Oakland Webpage Re: Allowable Rent Increases Under Rent Control Program |
| H | Costa Hawkins Rental Housing Act |
| I | Expert Report of Lonnie Haughton and Joel D. Agnello |
| J | December 20, 2023 Report of City Expert Steven Winkel |

---

[1]  *See Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents"); *Block v. City of Los Angeles,* 253 F.3d 410, 418-19 (9th Cir.2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial."); *see also Maljack Prods., Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents produced by a party in discovery deemed authentic when offered by the party-opponent); 31 *Federal Practice & Procedure: Evidence* § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . . . [a] discovery request.").

---

*Smith et al. v. City of Oakland*, Case No. 4:19-cv-05398-JST
**Declaration of Sean Betouliere and Evidence in Support of Plaintiffs' Motion for Summary Judgment**     1

| Exhibit Letter | Description |
|---|---|
| K | Stipulation Re: Joint Survey of Residential Rental Units |
| L | Stipulation Regarding MIG Joint Survey of Residential Rental Units |
| M | Stipulation Re: Properties That Are Deemed Inaccessible and Do Not Require Further Review |
| N | Expert Report of Glenn Dea (CAS) |
| O | Excerpts from Transcript of Steven Winkel Deposition. |
| P | Winkel Review and Commentary on CAS Accessibility Compliance Report (City Rebuttal of Glenn Dea Report) |
| Q | Expert Report of Dr. Richard Drogin |
| R | Excerpts from Transcript of Ian Smith October 7, 2020 Deposition (Smith Dep. I). |
| S | Declaration of Ian Smith in Support of Plaintiffs' Motion for Class Certification |
| T.1-T.9 | Ian Smith Leases – 2012-2020. |
| U | Excerpts from Transcript of Mitch Jeserich October 15, 2020 Deposition (Jeserich Dep. I). |
| V | Declaration of Mitch Jeserich in Support of Plaintiffs' Motion for Class Certification |
| W | Excerpts from Transcript of Mitch Jeserich October 15, 2020 Deposition (Jeserich Dep. I). |
| X | Amended Expert Report of Shelley Lapkoff |
| Y | Expert Witness Report of Dr. Edward Steinfeld |
| Z | Excerpts from Transcript of City Expert Matt Kowta Deposition |
| AA | City of Oakland Ordinance 9980 (Original October 7, 1980 City Rent Control Ordinance) |
| BB | City of Oakland Ordinance 10402 (November 1, 1983 Amendment to City Rent Control Ordinance) |
| CC | City of Oakland Ordinance 11758 (December 13, 1994 Amendment to City Rent Control Ordinance) |
| DD | Excerpts from Transcript of Victor Ramirez Deposition |
| EE | Excerpts from Transcript of Emily Weinstein Deposition |

| **Exhibit Letter** | **Description** |
|---|---|
| FF | Oakland City Council July 5, 2016 Resolution Urging the State Legislatures and Governor To Repeal Or Modernize the Costa Hawkins Rental Housing Act |
| GG | Oakland City Council March 21, 2017 Resolution Supporting Assembly Bill 1506 |
| HH | Excerpts from City of Oakland Housing Element, 2023-2031 – Racial Equity Impact Analysis |
| II | Stipulation Re: City of Oakland Rent Registry |

3. **A note on the random sample of units currently covered by Oakland's rent control Program ("Group 2"):** As part of their joint survey process, the Parties agreed that only the first 50 units from Dr. Drogin's randomized list of all units that were determined to be part of "Group 2" would be in the randomized sample. *See* Exhibit K at ¶ 2(B). However, in an effort to ensure that they would have a complete 50-unit random sample even if they later determined that some of these units were not actually covered by City rent control, the Parties identified extra "Group 2" units. *See* Exhibit K at Ex. A (identifying more than 50 "Group 2" units). The Parties subsequently determined that another unit—Property No. 71—was also a rent-controlled unit that belonged in "Group 2." *See* Exhibit M at Ex. A (identifying Property No. 71 as a Group 2 unit, and agreeing that it is inaccessible).

4. Because Dr. Drogin's random sampling methodology required the Parties to select the first 50 units—in order—that were determined to be in each Group, only the first 50 units designated as "Group 2" are properly part of the sample. *See* Exhibit Q (Drogin Report) ¶¶ 7-10 (discussing sampling methodology). This means that while the Parties stipulated that Property 87 is an inaccessible rent-controlled unit, and while Plaintiffs' Expert Glenn Dea also found Property 88 to be inaccessible, neither one is properly part of the Group 2 random sample, because they are beyond the 50-unit maximum sample size. *See* Exhibit K at Ex. A (designating "Group 2" properties, in order); Exhibit M at Ex. A (designating Property No. 71 as an additional Group 2 property); *see also* Exhibit N (Dea Report) at 16.

//

//

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, to the best of my knowledge.

DATED: April 26, 2024        Respectfully submitted,

DISABILITY RIGHTS ADVOCATES

_____
Sean Betouliere
Attorney for Plaintiffs