UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN SMITH, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND,<br><br>   Defendant. | Case No. 19-cv-05398-JST<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 138 |

Now before the Court is Defendant the City of Oakland's motion for reconsideration. ECF No. 138. The City asks the Court to reconsider its February 13, 2025 order excluding testimony from the City's expert, Bryant Sparkman. ECF No. 136 ("Order"). Plaintiffs oppose the motion, ECF No. 144, and the City has filed a reply, ECF No. 146. The Court will deny the motion.

The Court has discretion to reconsider its interlocutory orders at any point before it enters a final judgment. Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Reconsideration is generally appropriate only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

Under this District's Local Rules, a party moving for reconsideration must show reasonable diligence and base its motion on one of three enumerated grounds. *See* Civ. L.R. 7-9(b)(1)–(3). Relevant here, Civil Local Rule 7-9(b)(3) provides that a motion for reconsideration may raise "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

The City contends that several such failures are present in the Order at issue here, which

concluded that Mr. Sparkman was not qualified to perform the economic analysis for which he was retained, ECF No. 136 at 4, and that his methodology—which failed to account for other potential causes of sales price differences among buildings and did not employ a regression analysis—rendered his correlation conclusions unreliable, *id.* at 7. The Court is not persuaded by the City's arguments on either point.

Regarding Mr. Sparkman's qualifications, the City argues that "[e]xperts regularly testify about industry norms and impacts on the industry in which they have experience." ECF No. 138 at 3. But that is not what Mr. Sparkman seeks to do. Rather, he seeks to testify to the results of—in his own words—an "*economic analysis* of the impact of imposing rent control on rental units not currently covered by the City of Oakland's . . . Rent Adjustment Program." ECF No. 119-1 at 5 (emphasis added). For this reason, the City's cited cases do not help its cause. For instance, in *JAS Supply, Inc. v. Radiant Customs Services, Inc.*, No. 2:21-cv-01015-TL, 2023 WL 6366044 (W.D. Wash. Sept. 29, 2023), the court permitted a customs broker's "testimony regarding the impact of the COVID pandemic on the customs brokerage industry in general." *Id.* at *2. The expert did not purport, however, to present "an economic analysis" of those impacts on the industry—as Mr. Sparkman, who is not an economist, seeks to do here. ECF No. 119 at 5. The City's other authorities are likewise inapt. *See Vanguard Logistics Servs. (USA) Inc. v. Groupage Servs. of New England, LLC*, NO. CV 18-0517 DSF (GJSx), 2022 WL 17369626, at *1 (C.D. Cal. Oct. 4, 2022) (permitting shipping expert to testify generally about impact of failure to provide notice of termination where expert did not conduct nor seek to testify to any "quantitative analysis"); *F.T.C. v. Connelly*, No. SA CV 06-701 DOC (RNBx), 2007 WL 6492913, at *1 (C.D. Cal. Aug. 10, 2007) (consumer credit expert could testify "as to the information in consumers' credit reports and the factors that are considered"). None of the City's cases stand for the proposition that an expert who is not an economist can soundly conduct—and testify to—an economic analysis.

The City also contends that Mr. Sparkman's testimony should be evaluated as "non-scientific expert testimony" and that the standards of admissibility applicable to such testimony thus should apply. ECF No. 138 at 4–5. The Court rejects this characterization of Mr.

2

Sparkman's testimony. At bottom, what matters is that Mr. Sparkman could not have reached his conclusions using only his "industry experience." Rather, he needed to—and did—employ an "economic analysis" which he based on a particular "methodology." *See* ECF No. 119-1. Once presented with that analysis, the Court must assess its reliability. *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, No. 21-cv-08787-TSH, 2024 WL 5483606, at *11 (N.D. Cal. Oct. 22, 2024) ("While an expert is permitted to rely on experience in forming his opinions, the expert must still employ reliable principles and methods that are reliably applied to the facts of the case.") (citations and quotations omitted). And the City has not persuaded the Court that that methodology was reliable. The City contends that Sparkman's "task in this case is to analyze [a] single variable"—the presence or absence of rent control and its effect on property values—because the City *assumes* that all variables aside from rent control "would equally impact new developments subject to rent control" and thus "are irrelevant." ECF No. 138 at 2; *see also id.* at 8. But the City merely illustrates—and duplicates—the error in Mr. Sparkman's analysis: he examined only one variable and then attributed a difference in property values to that sole variable. At his deposition, for instance, when asked whether he "controlled for other factors that would have affected price," he responded that he did "not, unfortunately, have that ability." Sparkman Dep., ECF No. 119-2 at 69:3–70:6. As the Court explained in its prior order, this omission renders his methodology unreliable. ECF No. 136 at 8–9.

The City also challenges the Court's conclusion that he "has not made his models available," making "his methodology an untested and untestable black box." ECF No. 136 at 5–7 (internal quotations omitted). Because the issues discussed above independently justify the exclusion of Mr. Sparkman's testimony, the Court does not reconsider its conclusions with respect to whether Mr. Sparkman sufficiently explained—or produced documents sufficient to explain—his methodology.

/ / /

/ / /

/ / /

/ / /

3

For these reasons, the motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: June 20, 2025



_____
JON S. TIGAR
United States District Judge