IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND COURTHOUSE

| | |
|---|---|
| IAN SMITH, SUNDAY PARKER, and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br> *Plaintiffs*,<br><br>vs.<br><br>CITY OF OAKLAND, a public entity,<br><br> *Defendant.* | Case No. 4:19-cv-05398-JST<br><br>[~~Proposed~~] **ORDER GRANTING THE CALIFORNIA APARTMENT ASSOCIATION'S ADMINISTRATIVE APPLICATION TO FILE A BRIEF *AMICUS CURIAE* IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**<br><br>**(CIVIL LOCAL RULE 7-11)**<br><br>Judge: Hon. Jon S. Tigar |
| ROB BONTA, in his official capacity as Attorney General of California,<br><br> *Intervenor-Defendant*,<br><br>CALIFORNIA APARTMENT ASSOCIATION, a California nonprofit mutual benefit corporation,<br><br> *Proposed Amicus Curiae.* | |

**ORDER**

Before the Court is an Administrative Motion, filed by the California Apartment Association, for leave to file an *amicus* brief in opposition to Plaintiffs' supplemental motion for summary judgment. ECF No. 196. The motion includes the proposed *amicus* brief as an exhibit. *See* ECF No. 196-2. The Plaintiffs do not oppose this application, provided they are permitted a 10-page response to the *amicus* brief. The City of Oakland also does not oppose this application but prefers that Plaintiffs' response be separate from the reply brief, which Plaintiffs do not oppose. As of 3:45 p.m. on April 10, proposed *Amicus* had not heard from counsel for the Attorney General regarding his position. However, *Amicus* committed to filing its application on the same day that City was due to file its opposition to motion for summary judgment.

"There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (citation omitted). Having reviewed the proposed *amicus* brief, the Court grants CAA's motion. CAA shall file its proposed *amicus* brief, *see* ECF No. 196-2, as a separate docket entry within two court days of the date of this order.

Plaintiffs may file a response to CAA's *amicus* brief **within fourteen days of the date of this order**. The response shall be a separate document, not to exceed ten pages.

**IT IS SO ORDERED.**

Dated: April 23, 2026

_____
JON S. TIGAR
United States District Judge