EXHIBIT PP

BARBARA J. PARKER, City Attorney – SBN 069722
MARIA BEE, Chief Assistant City Attorney – SBN 167716
DAVID A. PEREDA, Special Counsel – SBN 237982
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney – SBN 251477
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-2961 Fax:  (510) 238-6500
Email: kmclaughlin@oaklandcityattorney.org
X05020/2993101

Attorneys for Defendant
CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT COURT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IAN SMITH, SUNDAY PARKER, and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>Defendants. | Case No. 4:19-cv-05398 JST<br><br>**DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL RESPONSES TO PLAINTIFF IAN SMITH'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Complaint filed: August 28, 2019<br>Trial Date: None |

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

4:19-cv-05398-JST

PROPOUNDING PARTY:          Plaintiff IAN SMITH

RESPONDING PARTY:           Defendant CITY OF OAKLAND

SET NUMBER:                 ONE

Defendant City of Oakland responds to Plaintiff Ian Smith's Request for Production of Documents, Set One as follows:

**INTRODUCTORY STATEMENT**

Defendant has not completed its investigation of all the facts in this case, or discovery in this matter, and has not completed its preparation for trial.  Accordingly, the following responses are based only on information presently available and known to Defendant.  Defendant reserves the right to supplement or amend its responses if new information becomes available.  Defendant also reserves the right to supplement or amend its responses in the event previously available information was omitted by oversight, inadvertence, or good faith error or mistake.

Except for facts explicitly stated, no incidental or implied admissions are intended in these responses.  By responding to any request for production, Defendant does not necessarily adopt or accept the terms Plaintiff has employed or Plaintiff's characterization of any fact or document. Defendant reserves all objections regarding the competency, relevancy, probative value, and/or admissibility.  Defendant also reserves all objections as to vagueness, ambiguity, and overbreadth.  Furthermore, Defendant reserves any objections regarding the use of these responses in any subsequent proceeding, including trial.

**GENERAL OBJECTIONS**

To the extent permitted, Defendant incorporates its introductory statement and each of the following general objections into its responses to Plaintiff's requests.  Where required, Defendant will set forth additional specific objections to particular requests.

1.      Defendant objects to Plaintiff's requests insofar as they seek the disclosure of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the self-critical analysis privilege, the deliberative process privilege, or any other applicable privilege.  To the extent that Defendant inadvertently discloses information that may arguably be protected from discovery under any applicable privilege, such inadvertent disclosure

2

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL                          4:19-cv-05398-JST
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

does not constitute a waiver of such privilege.

2.     Defendant objects to Plaintiff's requests to the extent they call information or documents that are not currently in Defendant's possession, custody or control.

3.     Defendant objects to Plaintiff's requests to the extent they call for the interpretation of information contained in written documents.

4.     Defendant objects to Plaintiff's requests to the extent they call for the disclosure of information of a confidential and personal nature regarding applicants, employees, contractors, or other individuals who have a protected interest in their privacy under Article I, section 1, of the California Constitution, the Information Practices Act, Civil Code section 1798 et seq., and Government Code section 6254(c).

5.     Defendant objects to Plaintiff's requests to the extent they call for production of data or documents not reasonably accessible to Defendant, in a form or format not reasonably accessible to Defendant or otherwise unduly burdensome to Defendant, to the extent the burden of the proposed discovery outweighs its likely benefit, and to the extent the proposed discovery is unreasonably cumulative or duplicative, may be obtained from some other source that is more convenient or less expensive, or where Plaintiff has had ample opportunity to discover the information by other means.

Subject to these objections, Defendant responds as follows to Plaintiff's requests for production, in accordance with Defendant's understanding of the fair meaning of those requests.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all DOCUMENTS you referred to, relied upon, or consulted in preparing your responses to Plaintiff Ian Smith's First Set of Interrogatories. Your response to this request should indicate, for each interrogatory, the Bates Number or Bates Number range of the documents referred to, relied on, or consulted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request as calling for information protected from disclosure by the attorney-client privilege and attorney work product doctrine.  Defendant further objects to this

3

request as calling for information irrelevant to Plaintiffs' claims and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as vague and ambiguous. Defendant further objects to this request as attempting to impose a manner of response different from that provided for by Fed. R. Civ. P. 34(b)(2)(B). Not waiving said objections, Defendant will produce all documents identified in its responses to Plaintiff Ian Smith's Special Interrogatories, Set One.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request as calling for information protected from disclosure by the attorney-client privilege and attorney work product doctrine. Defendant further objects to this request as calling for information irrelevant to Plaintiffs' claims and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as vague and ambiguous. Defendant further objects to this request as attempting to impose a manner of response different from that provided for by Fed. R. Civ. P. 34(b)(2)(B). Not waiving said objections, Defendant will produce all documents identified in its responses to Plaintiff Ian Smith's Special Interrogatories, Set One, Bates Nos. OAK001207-1488, OAK001489-1613, OAK002973-3090.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all DOCUMENTS RELATING TO your self-evaluation of the RENT ADJUSTMENT PROGRAM, required under 28 C.F.R. § 35.105.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request as lacking foundation and containing a legal conclusion unsupported by law. Defendant further objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and

ambiguous.  Not waiving said objections, Defendant is unaware of a self-evaluation specific to Defendant's Rent Adjustment Program.  Defendant will produce its 1997 Transition Plan and 2016 self-evaluation update report performed by an outside consultant.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request as lacking foundation and containing a legal conclusion unsupported by law.  Defendant further objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.  Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation.  *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face).  Defendant further objects to this request as vague and ambiguous.  Not waiving said objections, Defendant is unaware of a self-evaluation specific to Defendant's Rent Adjustment Program.  Defendant will produce its 1997 Transition Plan and 2016 self-evaluation update report performed by an outside consultant, Bates Nos. OAK001207-1488, OAK001489-1613.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any and all DOCUMENTS RELATING TO the number of COVERED RENTAL UNITS in the CITY that are ACCESSIBLE as of the date of this request, including any COMMUNICATIONS among DEFENDANT or between DEFENDANT and any PERSON RELATING TO ACCESSIBLE COVERED RENTAL UNITS or the lack thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.  Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information.  Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation.  *See Moss v. Blue Cross & Blue Shield of Kan.,*

5

*Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face).  Defendant further objects to this request as vague and ambiguous.  Not waiving said objections, Defendant is unaware of any documents reflecting the number of "covered units," as that term is defined by Oakland Municipal Code § 8.22.020, that meet Plaintiffs' definition of the term "ACCESSIBLE."

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all DOCUMENTS RELATING TO the total number of RENTAL UNITS in the CITY that are ACCESSIBLE as of the date of this request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.  Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information.  Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation.  *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face).  Defendant further objects to this request as vague and ambiguous.  Not waiving said objections, Defendant is unaware of any documents reflecting the number of rental units that meet Plaintiffs' definition of the term "ACCESSIBLE."

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all DOCUMENTS RELATING TO the total number of ASSISTED RENTAL UNITS in the CITY that are ACCESSIBLE as of the date of this request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.  Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness

6

information, or seeks discovery of any consulting expert witness information.  Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation.  *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face).  Defendant further objects to this request as vague and ambiguous.  Not waiving said objections, Defendant will produce its 2015-2023 Housing Element.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.  Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information.  Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation.  *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face).  Defendant further objects to this request as vague and ambiguous.  Not waiving said objections, Defendant will produce its 2015-2023 Housing Element, Bates Nos. OAK000605-1216.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all DOCUMENTS RELATING TO the ability or inability of people who have mobility disabilities and/or of people who need to live in ACCESSIBLE RENTAL UNITS to participate in or benefit from the RENT ADJUSTMENT PROGRAM's limitations on allowable annual rent increases, including any COMMUNICATIONS among DEFENDANT or between DEFENDANT and any PERSON RELATING TO this topic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.  Defendant further

7

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

4:19-cv-05398-JST

objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Not waiving said objections, Defendant will produce its Downtown Oakland Specific Plan – Accessibility Survey Results report.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Not waiving said objections, Defendant will produce its Downtown Oakland Specific Plan – Accessibility Survey Results report, Bates Nos. OAK002973-3089.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all DOCUMENTS RELATING TO the ability or inability of people who have mobility disabilities and/or of people who need to live in ACCESSIBLE RENTAL UNITS to live in COVERED RENTAL UNITS, including any COMMUNICATIONS among DEFENDANT or between DEFENDANT and any PERSON RELATING TO this topic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request to the extent it may call for documents protected from

8

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL               4:19-cv-05398-JST
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Not waiving said objections, Defendant will produce its Downtown Oakland Specific Plan – Accessibility Survey Results report.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Not waiving said objections, Defendant will produce its Downtown Oakland Specific Plan – Accessibility Survey Results report, Bates Nos. OAK002973-3089.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all DOCUMENTS RELATING TO your current January 1, 1983 cutoff date for RENT ADJUSTMENT PROGRAM coverage (as codified in § 8.22.030(A)(5) of the CITY's municipal code), including any and all DOCUMENTS or COMMUNICATIONS RELATING TO the rationale for choosing that date and/or the process by which that date was chosen; and any and all DOCUMENTS or COMMUNICATIONS RELATING TO when that

9

January 1, 1983 cutoff date was enacted, and when it first went into effect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Not waiving said objections, Defendant will produce all documents reflecting when the January 1, 1983 cutoff reflected in Oakland Municipal Code § 8.22.030(A)(5) was enacted.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Not waiving said objections, Defendant will produce all documents reflecting when the January 1, 1983 cutoff reflected in Oakland Municipal Code § 8.22.030(A)(5) was enacted, Bates Nos. OAK000060-68.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all DOCUMENTS RELATING TO or supporting your contention that people who cannot live in COVERED RENTAL UNITS because they are not ACCESSIBLE—including Plaintiff Ian Smith—still enjoy "full and equal access" to the benefits of the CITY's RENT ADJUSTMENT PROGRAM. *See* ECF No. 20 at 9.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request to the extent it may call for documents protected from

10

disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous, lacking foundation and assuming facts not in evidence. Not waiving said objections, Defendant is unaware of any documents showing that all or a certain proportion of "covered units," as that term is defined by Oakland Municipal Code § 8.22.020, are not "ACCESSIBLE," as Plaintiffs' define that term. Defendant produces other documents showing that the City's Rent Adjustment Program is accessible to persons with disabilities, including mobility disabilities.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous, lacking foundation and assuming facts not in evidence. Not waiving said objections, Defendant is unaware of any documents showing that all or a certain proportion of "covered units," as that term is defined by Oakland Municipal Code § 8.22.020, are not "ACCESSIBLE," as Plaintiffs' define that term. Defendant produces other documents showing that the City's Rent Adjustment Program is accessible to persons with disabilities, including mobility disabilities, Bates Nos. OAK000069-

11

88.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all DOCUMENTS RELATING TO or supporting the contention that adoption of "a new Program exemption date that is inconsistent with state or local law" would or could "require the City to fundamentally alter the City's services and programs," as asserted in your Seventh Affirmative Defense. ECF No. 43 at 12.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Defendant further objects to this request as premature, as the nature of the injunctive relief Plaintiffs seek and the basis for that relief is not clear at this time, and Defendant alleged its affirmative defense in order to preserve it pending further discovery and investigation. Not waiving said objections, Defendant is aware of no non-privileged documents responsive to this request, aside from the Rent Adjustment Program ordinance itself.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all DOCUMENTS RELATING TO or supporting the contention that adoption of "a new Program exemption date that is inconsistent with state or local law" would or could "place an undue financial or administrative burden or hardship on the City," as asserted in your Eighth Affirmative Defense. *See* ECF No. 43 at 12.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request to the extent it may call for documents protected from

12

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL                                    4:19-cv-05398-JST
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Defendant further objects to this request as premature, as the nature of the injunctive relief Plaintiffs seek and the basis for that relief is not clear at this time, and Defendant alleged its affirmative defense in order to preserve it pending further discovery and investigation. Not waiving said objections, Defendant is aware of no non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all DOCUMENTS (including any and all COMMUNICATIONS) RELATING TO the idea that bringing some or all of the CITY's existing ACCESSIBLE RENTAL UNITS in to the RENT ADJUSTMENT PROGRAM (such that they became COVERED RENTAL UNITS) would defeat, alter, or impair the purposes of the RENT ADJUSTMENT PROGRAM whether by discouraging rehabilitation of rental units; discouraging investment in new residential rental property in the city; impairing the ability of efficient rental property owners to obtain both a fair return on their property and rental income sufficient to cover the increasing cost of repairs, maintenance, insurance, employee services, additional amenities, and other costs of operation; or otherwise defeating, altering or impairing the purposes of the RENT ADJUSTMENT PROGRAM articulated in § 8.22.010 of your municipal code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further

13

objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Defendant further objects to this request as premature, as the nature of the injunctive relief Plaintiffs seek and the basis for that relief is not clear at this time, and Defendant alleged its affirmative defense in order to preserve it pending further discovery and investigation. Not waiving said objections, Defendant is aware of no non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all DOCUMENTS and/or COMMUNICATIONS RELATING TO any decision by DEFENDANT that compliance with Plaintiffs' proposed action—"extend[ing] the January 1, 1983 cutoff date for [the City's] Rent Adjustment Program or otherwise reasonably modify[ing the City's] Program, such that Plaintiffs and other people with disabilities who need accessible housing would have the same meaningful opportunity to live in rent-stabilized housing that the City's nondisabled renters currently enjoy," ECF No. 1 at ¶ 92—would "fundamentally alter the service, program, or activity" at issue, or "would result in undue financial and administrative burdens;" including any DOCUMENTS and/or COMMUNICATIONS RELATING TO a "written statement of the reasons for reaching that conclusion" as required by 28 C.F.R. § 35.150(a)(3); and any DOCUMENTS or COMMUNICATIONS DEFENDANT reviewed, referred to, or considered in the course of reaching that conclusion and/or drafting that written statement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad,

14

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL                                      4:19-cv-05398-JST
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Defendant further objects to this request as premature, as the nature of the injunctive relief Plaintiffs seek and the basis for that relief is not clear at this time, and Defendant alleged its affirmative defense in order to preserve it pending further discovery and investigation. Not waiving said objections, Defendant is aware of no non-privileged documents responsive to this request, aside from the Rent Adjustment Program ordinance itself.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all DOCUMENTS and/or COMMUNICATIONS RELATING TO any financial burden to DEFENDANT that Plaintiffs' requested injunctive relief would impose, as alleged in your Second Affirmative Defense, including any DOCUMENTS and/or COMMUNICATIONS RELATING TO the nature, amount, estimates, or projections of that financial burden, and any DOCUMENTS and/or COMMUNICATIONS relating to your rationale for believing that Plaintiffs' requested injunctive relief would impose such a burden on you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine. Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information. Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation. *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face). Defendant further objects to this request as vague and ambiguous. Defendant further objects to this request as premature, as the nature of the injunctive relief Plaintiffs seek and the basis for that relief is not clear at this time, and Defendant alleged its affirmative defense in order

15

to preserve it pending further discovery and investigation.  Not waiving said objections, Defendant is aware of no non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all DOCUMENTS and/or COMMUNICATIONS RELATING TO your contention that Plaintiffs have failed to join "the persons or entities alleged to have caused Plaintiffs' harm, and have failed to join in this action other persons or entities whose rights may be impacted by the injunctive relief Plaintiffs seek," as alleged in seek in your Fifth Affirmative Defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request to the extent it may call for documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.  Defendant further objects to the extent this interrogatory calls for premature disclosure of testifying expert witness information, or seeks discovery of any consulting expert witness information.  Defendant further objects that a request for all documents "relating to" a category of documents is overly broad, unduly burdensome, and calls for speculation.  *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689-90 (D. Kan. 2007) (request for all documents "relating to" or "regarding" a general category or group of documents unduly burdensome and overly broad on its face).  Defendant further objects to this request as vague and ambiguous.  Defendant further objects to this request as premature, as the nature of the injunctive relief Plaintiffs seek and the basis for that relief is not clear at this time, and Defendant alleged its affirmative defense in order to preserve it pending further discovery and investigation.  Not waiving said objections, Defendant is aware of no non-privileged documents responsive to this request, aside from the Rent Adjustment Program ordinance itself.

Dated:  November 6, 2020

BARBARA J. PARKER, City Attorney

By: _____
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney
Attorneys for Defendant
CITY OF OAKLAND

16

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

4:19-cv-05398-JST

**PROOF OF SERVICE**
*Ian Smith v. City of Oakland*
**United States District Court, Northern District Court of California
Case No. Case No. 4:19-cv-05398 JST**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On the date set forth below, I served the within documents:

**DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL RESPONSES TO PLAINTIFF IAN SMITH'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

☐ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the address(s)es listed below and *(specify one)*:

    ☐ Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the City of Oakland's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the address(es) listed below and providing them to the professional messenger service for service.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the address(es) listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. There was no error reported by the fax machine that I used. Attached is a copy of the record of the fax transmission.

☒ **By e-mail transmission**. Based on an agreement of the parties to accept service by electronic transmission, I e-mailed the documents to the persons at the e-mail address(es) listed below. No error was reported sent by email.

☐ **By personal delivery.** I personally delivered the document(s) to the person(s) at the address(es) listed below.

| | |
|---|---|
| Thomas Zito<br>Sean Betouliere<br>Shira Tevah<br>Disability Rights Advocates<br>2001 Center Street, Fourth Floor<br>Berkeley, CA 94704-1204<br>Telephone: (510) 665-8644<br>Fax:      (510) 665-8511<br>Email: tzito@dralegal.org<br>    stevah@dralegal.org | Michael Rawson<br>Craig Castellanet<br>Melissa A. Morris<br>Public Interest Law Project<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001<br>Telephone: (510) 891-9794<br>Fax:      (510) 891-9727<br>Email: mrawson@pilpca.org |

17

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

4:19-cv-05398-JST

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on November 6, 2020 at Oakland, California.

**NANETTE JOHNSON**

18

DEFENDANT CITY OF OAKLAND'S SUPPLEMENTAL
RESPONSES TO PLAINTIFF IAN SMITH'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

4:19-cv-05398-JST