Thomas Zito (CA Bar No. 304629)
tzito@dralegal.org
Sean Betouliere (CA Bar No. 308645)
sbetouliere@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Tel:    (510) 665-8644
Fax:    (510) 665-8511

Emily Roznowski, (*pro hac vice*)
eroznowski@dralegal.org
Raika Kim (*pro hac vice*)
rkim@dralegal.org
DISABILITY RIGHTS ADVOCATES
300 South Wacker Drive, Floor 32
Chicago, IL 60606-6680
Tel:  (332) 217-2319
Fax: (212) 644-8636

Michael Rawson (CA Bar No. 95868)
mrawson@pilpca.org
Craig Castellanet (CA Bar No. 176054)
ccastellanet@pilpca.org
PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, CA 94612-06001
Tel: (510) 891-9794
Fax: (510) 891-9727

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IAN SMITH and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>CITY OF OAKLAND, a public entity,<br><br>              Defendant.<br>      v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>      *Intervenor-Defendant*, | Case No.  4:19-cv-05398-JST<br><br>**Opposition to Defendant's Motion to Strike Plaintiffs' New Notice of Motion For Summary Judgment**<br><br>*Filed concurrently with Plaintiffs' Reply Brief to City of Oakland Opposition to Plaintiffs' Supplemental Motion*<br><br>Date:    June 18, 2026<br>Time:   2pm<br>Crtrm.:  6, Second Floor<br><br>Judge:  Hon. Jon S. Tigar<br><br>Trial Date: |

The City's Motion to Strike Plaintiffs' New Notice of Motion For Summary Judgment, ECF No. 197, should be denied. As the City's Motion points out, on December 11, 2025, the Court issued an order stating that "[t]he Court seeks briefing on all issues left unresolved by its prior summary judgment order."

Case No. 4:19-cv-05398-JST

ECF No. 170 at 2. That is what the Plaintiffs have provided in their supplemental motion. Furthermore, as explained below, the Parties stipulated to this filing to resolve the City's disputed claim that the Plaintiffs had not properly moved for summary judgment on the City's fundamental alteration defense. ECF No. 145 at 10-11; Order on Summ. J., ECF No. 152 at 11-12. In response to the City's arguments, and the lack of formal notice in Plaintiffs' original moving papers (despite relevant argument being in the brief), the Court ordered the parties to meet and confer "regarding an appropriate resolution to this dispute."

There have been several stipulations, proposed orders, and orders regarding briefing schedules, scope of briefing, and procedural and substantive issues that were filed regarding supplemental briefing in this matter. *See* ECF Nos. 155, 156, 165, 166, 169. Following the filing of the joint case management statement, the Court issued a supplemental Order requiring the parties to propose a briefing schedule and ordering the Parties to "brief[ . . .] all issues left unresolved by its prior summary judgment order." ECF No. 170 at 2. The Parties filed a proposed schedule, ECF No. 171, and supplemental proposed schedules—both of which proposed that Plaintiffs would file a Supplemental Motion for Summary Judgment and Response to the Attorney General's Brief. ECF Nos. 177, 181. In the last and operative Order, the Court expressly allowed Plaintiffs to file a "Supplemental Motion for Summary Judgment and Response to Attorney General's Brief" by March 27, 2026 and limited it to 25 pages. This order supersedes any limitations articulated in the Court's standing order that only one summary judgment brief per party will be considered. This order also explicitly required the Parties to address "all issues" that the Court left unresolved in its summary judgment order, ECF No. 152. That is what Plaintiffs have done.

This Court's August 25, 2025, order on summary judgment left several issues unresolved, including whether or not Plaintiffs properly moved for summary judgment on the City's fundamental alteration defense; whether Plaintiffs' requested modification was reasonable (including whether it was effective and necessary); and whether, if Plaintiffs' requested modification were determined by the Court to be reasonable, the Costa-Hawkins Act should be pre-empted by the Americans with Disabilities Act. ECF No. 152 at 9-12. The City had specifically made arguments that Plaintiffs' modification was not "necessary" and that it was not "effective." ECF No. 141 at 15, 18-20, 23-25; ECF No. 145 at 2-5. As noted above, the Court did not resolve these issues. The City also made several other arguments claiming that Plaintiffs had failed to prove that their requested modification would have no other impacts on any other goals of the Program.

Opposition to Defendant's Motion to Strike Plaintiffs' New Notice of Motion For Summary Judgment

City Mot. Summ. J., ECF No. 141 at 18, 21-22; Reply, ECF No. 145 at 7-9. While Plaintiffs' position is and has always been that these arguments constitute a component of the City's affirmative defense of fundamental alteration[1], the Court's order also left these issues unresolved. Pl. Reply in Support of Mot. Summ. J. and Opp. to Mot. Summ. J., ECF No. 143 at 16-18. In its opposition to Plaintiffs' supplemental motion and briefing, the City re-raises all of these arguments and more.

The City argument that Plaintiffs are now seeking "new and different relief" is plainly false. Plaintiffs have been saying that newer units that were required to be accessible must be included in the rent control Program since before they filed this case, and they have consistently proposed the same two methods of doing so—either all at once, or via a "rolling" deadline. *See* Reply Br., ECF No. 143 at 7-9. . Plaintiffs also explained the need to add additional units that were required to be accessible in responses to interrogatories. *See* ECF 141-1, Ex. A at 8-10 (Supp. Resp. to Interrogatory 14 explaining the need for additional units in the Program to provide meaningful access). Dr. Lapkoff's testimony and tables in her report discuss options for adding additional units and demonstrates how adding additional units *over time* will lead to greater program accessibility for the class. *See* ECF 112-32 ¶¶ 55-70; *id*. ¶ 66 tbl.6 (calculating effect of adding various numbers of accessible units to rent control Program on opportunity to access protections of City rent control); *id*. app. A tbls.A-2, A-3 (same).

Additionally, Plaintiffs' suggestion of a fifteen-year rolling deadline instead of their previously-proposed ten-year rolling deadline is made in response to the Attorney General's brief. *See* ECF No. 178 at 11-13. Specifically, the Attorney General made his own arguments about the viability of the fifteen-year rolling deadline by stating that such a deadline "could bring newer, accessible housing units into the RAP

---

[1] Plaintiffs do not concede that they have any burden to prove in advance that their modification would not fundamentally alter the City's RAP or cause undue financial and administrative burdens. Those are the City's affirmative defenses on which it bears the burden of production and persuasion. *See* 28 C.F.R. § 35.130(b)(7)(i) (requiring public entities to make "reasonable modifications in policies, practices, or procedures" when "necessary to avoid discrimination on the basis of disability, unless **the public entity can demonstrate** that the modifications would fundamentally alter the nature of the service, program, or activity" in question) (emphasis added); *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1096 (9th Cir. 2013) ("The public entity has the burden to prove that a proposed action would result in undue burden or fundamental alteration."); *Mayfield v. City of Mesa*, 131 F.4th 1100, 1110 (9th Cir. 2025) (noting that the public entity has the burden to show that the proposed accommodation would cause an undue burden). As argued at length in Plaintiffs' multiple briefs, the City cannot meet its burden.

Opposition to Defendant's Motion to Strike Plaintiffs' New Notice of Motion For Summary Judgment

while maintaining sufficient financial incentives for constructing new housing in a manner that complements the Legislature's recent Tenant Protection Act of 2019, which generally limits statewide rent increases on certain rental units certified for occupancy more than 15 years ago." *Id.* at 13. Plaintiffs were specifically allowed by the Court's order to "respon[d] to the Attorney General's Brief." ECF No. 184 at 2. The City was on notice that Plaintiffs would be responding to any arguments the Attorney General made, and had signed off on multiple stipulations acknowledging that Plaintiffs would respond to the Attorney General's arguments. *See* ECF Nos. 171, 181. Notably, the last stipulation was filed 20 days after the Attorney General had filed his brief making his arguments about the fifteen-year rolling deadline.

Per the Court's orders at ECF Nos. 170 and 184, Plaintiffs' supplemental brief contains argument regarding "all issues left unresolved by [the Court's] prior summary judgment order," as well as a response to issues raised by intervenor Attorney General. There is no basis to strike Plaintiffs' supplemental motion and notice of motion or any portion of Plaintiffs' supplemental brief as violating this Court's orders. Moreover, even if some aspect of the brief was in excess of what this Court specifically requested (it is not) the City had ample opportunity to respond, and cannot show any possible prejudice. The Court should deny the City's motion to strike in its entirety.

Opposition to Defendant's Motion to Strike Plaintiffs' New Notice of Motion For Summary Judgment

Respectfully Submitted,

DATED:  April __, 2026                     DISABILITY RIGHTS ADVOCATES


                                   By:        _/s/ Thomas Zito_____
                                           Thomas Zito
                                           Sean Betouliere
                                           Emily Roznowski
                                           Raika Kim

                                   PUBLIC INTEREST LAW PROJECT


                                   By:        _/s/Michael Rawson_____
                                           Michael Rawson
                                           Craig Castellanet

                                           Attorneys for Plaintiffs

Case No. 4:19-cv-05398-JST

Opposition to Defendant's Motion to Strike Plaintiffs' New Notice of Motion For Summary Judgment