RYAN RICHARDSON, City Attorney – SBN 223548
MARIA BEE, Chief Assistant City Attorney – SBN 167716
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney – SBN 251477
MICHAEL QUIRK, Deputy City Attorney – SBN 283351
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA  94612
Telephone: (510) 238-2961 Fax:  (510) 238-6500
Email: kmclaughlin@oaklandcityattorney.org
        mquirk@oaklandcityattorney.org
X05020/3467895

Attorneys for Defendant
CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IAN SMITH, SUNDAY PARKER and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>Defendant. | Case No. 4:19-cv-05398 JST<br><br>**DEFENDANT CITY OF OAKLAND'S OPPOSITION TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT [Dkt. 207]**<br><br>Summary judgment hearing: May 28, 2026 |

## I.    INTRODUCTION

Defendant City of Oakland opposes the administrative motion for leave to file an amici curiae brief, filed by various economists and tenant-advocacy organizations, on two principal grounds.

First, the brief is a "gap filler."  It is an attempt to provide evidence and argument on an issue (the impacts of Plaintiffs' proposed modifications), on which Plaintiffs themselves presented no evidence.  One of the proposed amici, Mark Paul, is Plaintiffs' retained expert, who was already excluded from testifying in this case.  It is not the function of an amicus brief to shoehorn in additional evidence and argument, from the same perspective as a competently-represented party, which that party could have presented but did not.

Second, the proposed amicus brief is exceedingly late, and that is prejudicial to the City.  The City has no realistic opportunity to submit a brief responding to it, in time for the hearing on summary judgment on May 28, 2026.  The opening brief in this summary judgment process was filed over two years ago.  No reason is advanced why this proposed brief was not filed during the interim.  The policy concerns inherent in Plaintiffs' claims are not new.

## II.    ARGUMENT

The Court has discretion to grant or deny amicus participation.  *Cnty. of Marin v. Martha Co.*, No. C 06-0200 SBA, 2007 WL 987310, at *1 (N.D. Cal. Apr. 2, 2007).  An amicus brief should be allowed (1) where a party is not competently represented, (2) the amicus has an interest that may be affected by the holding in the present case, or (3) the amicus can present unique information that is beyond the abilities of the lawyers for the parties to provide.  *See, e.g., Gabriel Tech. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB (MDD), 2012 WL 849167, at *4-5 (S.D. Cal. Mar. 13, 2012).  "Otherwise, leave to file an amicus curiae brief should be denied." *Cmty. Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citation omitted).

None of these circumstances are present here.  Instead, the purpose of the proposed amicus brief is to argue that Plaintiffs' recently-proposed modifications may not negatively impact new development of housing, and therefore may not impair one of the purposes of the

1

Rent Adjustment Program.[1] (Dkt. 207 at 3:14-16.) The City has argued since its first summary judgment brief (Dkt. 141 at 18:1-24) that Plaintiffs have no evidence on this important issue, which is their burden, and the Court should grant the City's motion for summary judgment on that basis alone.

The function of this proposed brief is to provide evidence and argument on an issue that Plaintiffs did not, and that is not a proper function of an amicus brief. *See, e.g., Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse."); *Cnty. of Marin*, 2007 WL 987310, at *1 (denying permission to file amicus brief that "enlarges the disputed issues and constitutes shadow litigation that should be avoided").

While California Apartment Association represents a perspective – that of landlords – not heretofore present in this case, the new proposed amici mirror the interests of Plaintiffs. One of Plaintiffs' counsel, Public Interest Law Project, focuses on tenant advocacy (*see* Dkt. 52-7, ¶¶ 3-10), and Plaintiffs represent a class of tenants.[2] There is nothing useful in the perspective of additional tenant advocates. One of the proposed amici is Plaintiffs' previously-excluded retained expert, Dr. Mark Paul,[3] making it especially transparent that there is nothing "unique" about the perspective of the proposed amici: they share the same perspective as Plaintiffs, and are effectively seeking to extend Plaintiffs' briefing and cover an issue Plaintiffs did not. *See United States v. Microsoft Corp.*, No. C15-102RSM, 2016 WL 11782815, at *2 (W.D. Wash.

---

[1] The proposed brief does not address Plaintiffs' original modification, which was to apply rent control to all units required to be "accessible," which is ongoing as new units are built. (*See* Dkt. 112-32 at 21-22 [Lapkoff report, describing that accessibility would improve over time].) It also does not address the newest modification advanced for the first time in Plaintiffs' supplemental reply, which is that "everything after a new date certain would be exempt[.]" (Dkt. 201 at 10:15-16.)

[2] Further demonstrating the affinity between Plaintiffs and the proposed amici, the motion for leave to file the amicus brief was filed by Plaintiffs' counsel. No declaration was filed with the administrative motion, as required by Local Rule 7-11(a). The information regarding the qualifications, interests, and background of the proposed amici is scant and unsworn.

[3] The City raised numerous arguments for the exclusion of Dr. Paul's testimony, pointing to an unreliable and slanted methodology, a lack of foundation for his opinions, no experience in real estate or the Bay Area market, and opinions that were not proper rebuttal. (Dkt. 121 at 11-17.)

2

Nov. 14, 2016) (denying leave to file amicus brief, where Microsoft was adequately represented, and briefs were "simply attempting to bolster Microsoft's existing positions.").

The situation is similar to that in *Alliance for the Wild Rockies v. Anderson*, 780 F. Supp. 3d 1075, 1076-77 (D. Mont. 2025), where the court denied a motion for leave to file an amicus curiae brief by an environmental advocacy group. The plaintiffs were experienced environmental litigants who could adequately address the issues, and allowing the amicus "to introduce new arguments at this stage of the proceedings would effectively extend the length of Plaintiffs' briefing, resulting in prejudice" to the defendant. *Id*. at 1077. The moving targets facing the City in this case are very prejudicial: Plaintiffs refused to identify their modification in discovery, changed it several times during summary judgment briefing, recently sought summary judgment on new issues, and now at the last minute new expert opinions are presented to try to make a case that Plaintiffs did not themselves make. The basic tenets of summary judgment are in doubt.

The proposed brief is also past the eleventh hour. At the appellate level, amicus briefs are to be submitted within seven days of the primary brief they support. Fed. R. App. P. 29(a)(6). Here, the brief is submitted several years after Plaintiffs' motion for summary judgment was filed on April 26, 2024. (Dkt. 111.) Meanwhile, the hearing on summary judgment will occur in less than three weeks, on May 28. Courts deny leave to file amicus briefs when they are presented late in proceedings without explanation, or too late for the other party to meaningfully respond. *Nat'l Ass'n of Optometrists & Opticians v. Lockyer*, 463 F. Supp. 2d 1116, 1118 n.3 (E.D. Cal. 2006) (reversed on other grounds); *Buckeye Tree Lodge & Sequoia Village Inn, LLC v. Expedia, Inc.*, No. 16-cv-04721-VC, 2019 WL 1170489, at *6 (N.D. Cal. Mar. 13, 2019); *Alliance for Wild Rockies v. Farnsworth*, No. 2:16-cv-433-BLW, 2017 WL 1591840, at *7 n.1 (D. Idaho May 1, 2017).

Should the Court permit the filing of the proposed amicus brief, the City requests that it be permitted to submit a 10-page responsive brief within 14 days of an order permitting the filing of the brief, as was afforded to Plaintiffs in response to CAA's amicus brief. Plaintiffs do not oppose this. However, it is nearly impossible that the Court could review a responsive brief prior

DEFENDANT CITY OF OAKLAND'S OPPOSITION TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF
PLAINTIFFS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

4:19-CV-05398 JST

to the May 28 hearing on summary judgment.  At this moment, it is not clear the City's brief would even be filed by that time.

## III.    CONCLUSION

For the foregoing reasons, Defendant City of Oakland respectfully requests that the Court deny the Administrative Motion for Leave to File Amici Curiae Brief in Support of Plaintiffs' Supplemental Motion for Summary Judgment.

Respectfully submitted,

Dated: May 11, 2026                    RYAN RICHARDSON, City Attorney


By:/s/ Kevin P. McLaughlin
   Kevin P. McLaughlin, Supervising Deputy City Attorney
   Michael J. Quirk, Deputy City Attorney
   Attorneys for Defendant
   CITY OF OAKLAND

DEFENDANT CITY OF OAKLAND'S OPPOSITION TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF
PLAINTIFFS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT                    4:19-CV-05398 JST