RYAN RICHARDSON, City Attorney – SBN 223548
MARIA BEE, Chief Assistant City Attorney – SBN 167716
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney – SBN 251477
MICHAEL QUIRK, Deputy City Attorney – SBN 283351
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA  94612
Telephone: (510) 238-2961 Fax:  (510) 238-6500
Email: kmclaughlin@oaklandcityattorney.org
        mquirk@oaklandcityattorney.org
X05020/3469572

Attorneys for Defendant
CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IAN SMITH, SUNDAY PARKER and MITCH JESERICH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND, a public entity, <br><br> Defendant. | Case No. 4:19-cv-05398 JST <br><br> **DEFENDANT CITY OF OAKLAND'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE PORTIONS OF DEFENDANT'S RESPONSE TO AMICI CURIAE BRIEF [Dkt. 213]** <br><br><br> Summary judgment hearing: May 28, 2026 |

DEFENDANT CITY OF OAKLAND'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE PORTIONS OF DEFENDANT'S RESPONSE TO AMICI CURIAE BRIEF

4:19-CV-05398 JST

Plaintiffs' excluded expert Mark Paul submitted an amicus brief echoing his excluded opinions, which the Court permitted.  Nonetheless, Plaintiffs argue that passing mention of the opinions of the City's excluded expert Bryant Sparkman, in the City's response, should be stricken.  Plaintiffs' position is premised on treating information and argument in amicus briefs as evidence, which it is not, and they don't explain why reference to Paul's opinions should be permitted but Sparkman's should not.  The administrative motion to strike one paragraph in the City's response to the tenant advocates' amicus brief should be denied.

The statements in the City's response to the tenant advocates' amicus brief – like those in the amicus brief – are not evidence.  *See, e.g., Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 434 n. 16 (1984) (statements in amicus brief "are not evidence in the case"); *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 802 F.3d 1049, 1067 n. 11 (9th Cir. 2015) (statements in briefs are not evidence); *Schultz v. Wells Fargo Bank, Nat'l Ass'n*, 970 F. Supp. 2d 1039, 1066 (D. Or. 2013) (denying motion to strike brief because "the Court does not consider factual statements in briefs as record evidence.").

Therefore, referencing the report or opinions of the City's expert, Bryant Sparkman, does not contravene the Court's order excluding Mr. Sparkman as an expert, because the City is not offering Mr. Sparkman's report or opinions as an expert witness, or as evidence at all.  It is just background information and argument, like all of the articles and statements in the tenant advocates' amicus brief, and in the City's response to that brief, which the Court can consider or not, to the extent it is useful to the Court.

Put differently, none of the information in the tenant advocates' amicus brief, or the City's response to it, purports to be admissible expert opinion under Rule of Evidence 702.  It is also all inadmissible hearsay, and none of it is under oath.  It is just argument.  *See Nat. Res. Def. Council v. Southwest Marine, Inc.*, 39 F. Supp. 2d 1235, 1236 n. 1 (S.D. Cal. 1999) (amicus brief is not "fact," just legal argument).

If Plaintiffs' position were correct, the tenant advocates' amicus brief should also be excluded, because it is signed onto by Plaintiffs' retained expert Mark Paul, who like Mr. Sparkman was excluded from testifying.  Much of the tenant advocates' amicus brief mirrors the

content of the excluded report of Dr. Paul, including citation to a number of the same sources. (Dkt. 121-1, Ex. N at 6-11, 19-21.)  However, the Court authorized the filing of the tenant advocates' amicus brief.

The motion is also procedurally improper.  Plaintiffs invoke Local Rule 7-3(d), as authorizing an "objection to reply evidence," but there is only argument, not evidence, in the City's response to the amicus brief.  The relief sought is not "administrative" as contemplated in Local Rule 7-11, demonstrated by the fact there is no stipulation or declaration regarding "why a stipulation could not be obtained."  Civ. L.R. 7-11(a).  And there is no proposed order.  *Id.*  It is not a permissible filing under the federal rules or the local rules.

Finally, whether the paragraph in question is stricken or not, it makes little substantive difference.  The paragraph only noted that Mr. Sparkman's concerns with the potential impacts of expanding rent control are in line with the findings and opinions of other pundits.

The Court should deny the motion to strike the single paragraph in the City's response to the tenant advocates' amicus brief that refers to Mr. Sparkman's opinions.

Respectfully submitted,

Dated: May 26, 2026     RYAN RICHARDSON, City Attorney

By:/s/ Kevin P. McLaughlin_____
  Kevin P. McLaughlin, Supervising Deputy City Attorney
  Michael J. Quirk, Deputy City Attorney
  Attorneys for Defendant
  CITY OF OAKLAND

DEFENDANT CITY OF OAKLAND'S OPPOSITION TO PLAINTIFFS'  4:19-CV-05398 JST
ADMINISTRATIVE MOTION TO STRIKE PORTIONS OF DEFENDANT'S
RESPONSE TO AMICI CURIAE BRIEF