Thomas Zito (CA Bar No. 304629)
tzito@dralegal.org
Sean Betouliere (CA Bar No. 308645)
sbetouliere@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Tel:     (510) 665-8644
Fax:     (510) 665-8511

Emily Roznowski, (*pro hac vice*)
eroznowski@dralegal.org
Raika Kim (*pro hac vice*)
rkim@dralegal.org
DISABILITY RIGHTS ADVOCATES
300 South Wacker Drive, Floor 32
Chicago, IL 60606-6680
Tel:  (332) 217-2319
Fax: (212) 644-8636

Michael Rawson (CA Bar No. 95868)
mrawson@pilpca.org
Craig Castellanet (CA Bar No. 176054)
ccastellanet@pilpca.org
PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, CA 94612-06001
Tel: (510) 891-9794
Fax: (510) 891-9727

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| IAN SMITH and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>CITY OF OAKLAND, a public entity,<br><br>        Defendant.<br>        v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>        *Intervenor-Defendant*, | Case No.  4:19-cv-05398-JST<br><br>**Plaintiffs' Objections and Administrative Motion to Strike Portions of Defendant's Response to Amici Curiae Brief (ECF No. 210); ORDER**<br><br>Date:    May 28, 2026<br>Time:    2 p.m.<br>Crtrm.:  Zoom Hearing<br><br>Judge:   Hon. Jon S. Tigar |

Pursuant to Local Rules 7-11 and 7-3(d) Plaintiffs file this objection and move to strike the last paragraph of page 5 of Defendant's Response to Amici Curiae Brief. ECF No. 210 at 5:16-20.  In that paragraph, Defendant refers to and discusses the wholly-excluded "expert" testimony and report of Bryant

Sparkman. *See* ECF No. 136 (Order Re. Motions to Exclude or Limit Testimony) at 4-9 (finding that Mr. Sparkman was "not qualified to perform the economic analysis for which he was retained," and that his methodology was unreliable); *see also* ECF No. 148 (Order Denying Motion for Reconsideration at 2-3.

Because the Court completely excluded the testimony of Bryant Sparkman in this matter, Plaintiffs object to the City's attempt to use his testimony or report in any fashion. "Under its inherent powers, a court may impose sanctions where a party has willfully disobeyed a court order." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015) (internal quotation and citations omitted). Here, the City's citation to and discussion of Mr. Sparkman's excluded report violates this Court's order excluding him as a witness in this case. While the Court could strike the City's entire brief for the violation of its order, Plaintiffs believe that an appropriate sanction would be to strike at least the offending portion.

For the reasons above, Plaintiffs request that the Court strike or disregard ECF No. 210 at 5:16-20, where the City discusses Mr. Sparkman's excluded report.

DATED:  May 21, 2026                    DISABILITY RIGHTS ADVOCATES


By:        /s/ Thomas Zito
        THOMAS ZITO
        SEAN BETOULIERE
        EMILY ROZNOWSKI
        RAIKA KIM


DATED:  May 21, 2026                    PUBLIC INTEREST LAW PROJECT


By:        /s/Michael Rawson
        MICHAEL RAWSON
        CRAIG CASTELLANET


Attorneys for Plaintiffs

Plaintiffs' Objections and Motion to Strike Portions of Defendant's Response to Amici Curiae Brief

**[~~PROPOSED~~] ORDER**

The Court hereby strikes the paragraph of Defendant's Response to Amici Curiae Brief. (ECF No. 210 at 5:16-20) containing any reference to excluded witness Bryant Sparkman. The Court will not consider Mr. Sparkman's report or any argument or testimony related to Mr. Sparkman's report or testimony.

**IT IS SO ORDERED**

Dated: June 1, 2026

_____
JON S. TIGAR
United States District Judge