RYAN RICHARDSON, City Attorney – SBN 223548
MARIA BEE, Chief Assistant City Attorney – SBN 167716
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney – SBN 251477
MICHAEL QUIRK, Deputy City Attorney – SBN 283351
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612
Telephone: (510) 238-2961 Fax: (510) 238-6500
Email: kmclaughlin@oaklandcityattorney.org
mquirk@oaklandcityattorney.org
X05020/3486888

Attorneys for Defendant
CITY OF OAKLAND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IAN SMITH, SUNDAY PARKER and MITCH JESERICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a public entity,<br><br>Defendants. | Case No. 4:19-cv-05398 JST<br><br>**DECLARATION OF KEVIN P. MCLAUGHLIN IN SUPPORT OF DEFENDANT CITY OF OAKLAND'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**Civ. L.R. 7-9(b)(3)** |

I, KEVIN P. MCLAUGHLIN, declare as follows:

1. The facts stated herein are based on my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. I am a Supervising Deputy City Attorney with the Oakland City Attorney's Office, counsel of record for Defendant City of Oakland ("City") in this action.

3. Following the issuance of the September 23, 2026 Order Granting Summary Judgment to Defendant, counsel for Plaintiffs and the City conferred on September 30, 2026. Plaintiffs confirmed that they intend to amend the complaint.

4. In the seven years of this lawsuit, the City has expended over 1,600 combined attorney and paralegal hours on this case, which has been handled by two attorneys. The City has incurred over $250,000 in costs when including expert fees. City staff has put in dozens of hours. These figures are conservative approximations.

5. The City has always understood that Plaintiffs' claims focused on adding new units to the coverage of the City's rent control program, in violation of the Costa Hawkins Act. Every single step the City has taken in this case, including formulation of its legal strategies, has been taken in reliance on this understanding of Plaintiffs' claims. The City's Access Improvement Program was identified in 2020 in responses to written discovery, in opposition to class certification, and Plaintiffs were asked about whether they attempted to utilize the Access Improvement Program in their depositions taken that year.

6. The sorts of amendments the Order Granting Summary Judgment to Defendant seems to contemplate, such as alternative modifications involving the City's Access Improvement Program or a stipend to tenants with mobility disabilities, will require the re-opening of fact and expert discovery. Any such option raises complex policy considerations, and may depend upon efficacy, costs, and many other considerations. Any such option would be an unprecedented modification in the annals of ADA law, and would not be readily analyzed by analogy to precedent or governed by a detailed regulation. It is highly likely that one party or the other would move for summary judgment on this new theory of the case, which may also include a new round of challenges to experts. The parties may engage in

further settlement discussions. A trial may ensue if the case does not settle, and an appeal by the losing party is likely. All of this would likely take several more years, and consume significant additional resources.

7. The City has always disputed that Plaintiffs' theory states a viable disparate impact claim, and disputes the Court's finding that Plaintiffs were entitled to summary judgment on the prima facie element of a denial of meaningful access attributable to the rent control program (the only prima facie element that was disputed). Amendment at this juncture will force the City to litigate for years more, without any appellate review of these important issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 7th day of October, 2026 in Oakland, California.

/s/ Kevin P. McLaughlin
KEVIN P. MCLAUGHLIN